# MOUND COTTON WOLLAN & GREENGRASS
### COUNSELLORS AT LAW

ONE BATTERY PARK PLAZA
NEW YORK, NY 10004-1486

(212) 804-4200

FAX: (212) 344-8066

WWW.MOUNDCOTTON.COM

NEW YORK, NY
NEWARK, NJ
GARDEN CITY, NY
FORT LAUDERDALE

James D. Veach
212-804-4233
jveach@moundcotton.com



APR 15 2008

CHAMBERS OF
RICHARD J. HOLWELL

April 15, 2008

### VIA FACSIMILE

Honorable Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/08

Re: B.D. Cooke & Partners Limited v. Certain Underwriters at Lloyd's, London
Civil Action No.: 08-CIV-3435 (RJH)
Our File No.: 3038.001

Dear Judge Holwell:

We represent Certain Underwriters at Lloyds, London (Underwriters).

We wrote to Your Honor yesterday to address whether Underwriters' motion to stay and compel arbitration under the New York Convention required a pre-motion of conference. In our letter, we advised that Underwriters were prepared to file their motion.

We write now in response to a letter from B.D. Cooke & Partners (Cooke's) counsel advising that Cooke is "preparing to file a motion to remand." Cooke asks that its motion to remand be heard first.

Underwriters removed this action pursuant to the special removal provisions provided by Congress for the Convention. 9 U.S.C. §205. The goals of the Convention are closely related to any argument that counsel could raise seeking remand.

We don't understand how Cooke can oppose arbitration having expressly preserved in its complaint Cooke's right to arbitrate. Nevertheless, any challenge to removal and arbitration

228666.1

MOUND COTTON WOLLAN & GREENGRASS

April 15, 2008
Page 2

under the Convention - a United States treaty - is "inextricably intertwined," see any issues with Underwriters' contractual right to arbitrate.

Indeed, the issue of arbitrability should be addressed first. "The arbitrability of a dispute will ordinarily be the first issue the district court decides after removal under Section 205." Beiser v. Weyler, 284 F.3d 655 (5th Cir. 2002). We do not believe that bifurcated motion practice under these circumstances would expedite anything.

We are happy to participate in a pre-motion conference, but we submit that allowing Underwriters to file its motion to stay and compel and then permitting counsel to oppose on whatever grounds counsel chooses is the more efficient course.

Respectfully,

[signature]

cc:   John Finnegan, Esq.
      Carey Child, Esq.
      Anne Linder, Esq.

*Plaintiff and defendants shall file their respective motions on May 9, 2008. Opposition papers due June 5, 2008. Reply papers due June 15, 2008*

SO ORDERED

[signature]
USDJ
4/16/08

228666.1