SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| B.D. COOKE & PARTNERS LIMITED, AS ASSIGNEE OF CITIZENS CASUALTY COMPANY OF NEW YORK (IN LIQUIDATION), | Index No. 600655/02 |
| Plaintiff, | IAS Part 56 |
| -against- | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | Justice Richard B. Lowe, III |
| Defendant. | AFFIDAVIT OF JOHN TAFURO |

STATE OF NEW YORK      )
                                    :   ss.:
COUNTY OF NEW YORK   )

JOHN TAFURO, being duly sworn, deposes and says:

1.      I am the Director of the Reinsurance Department of the Liquidation Bureau of the New York State Department of Insurance.  I have been employed by the Liquidation Bureau since 1984.  As such, I am fully familiar with all of the facts set forth herein, which are based upon my personal knowledge gained through the performance of my duties, and a review of documents maintained by the Liquidation Bureau and the Department of Insurance.  All exhibits attached hereto are true and correct copies of the documents they represent.  Please note that the Liquidation Bureau is a disinterested non-party to this action and, as such, takes no position as to the merits of this lawsuit.

## I.    The Liquidation Bureau

2.    The Liquidation Bureau, a separate office under the jurisdiction of the New York Superintendent of Insurance, is in charge of rehabilitating, liquidating or conserving the assets of companies placed under the Superintendent's control by New York State Supreme Court when a company experiences financial difficulties.  Where the court has ordered liquidation and has appointed the Superintendent as liquidator of the company, the Superintendent-as-liquidator, through the Liquidation Bureau, takes possession of the property of an insurer, being vested by operation of law with title to all property, contracts and rights of action of the insurer.  The Liquidation Bureau gives notice to all creditors to present their claims, the insurer's assets are marshaled, claims against the insurer are identified and quantified, and an equitable distribution of the insurer's assets is made to its creditors.

3.    Typically, the insolvent insurer's rights under reinsurance contracts comprise one of the most significant assets of the estate. They are also among the assets vested in the Liquidator, and the Reinsurance Department of the Liquidation Bureau is charged with marshalling those assets for the benefit of the estate.  For that reason, Section 1308 of the New York Insurance Law requires that, in order for the insurer to receive regulatory credit for reinsurance, the "reinsurance shall be payable by the assuming insurer on the basis of the liability of the ceding insurer under the contracts reinsured without diminution because of the insolvency of the ceding insurer."

4.    As a result, reinsurance contracts typically contain an "insolvency clause" which permits the Liquidator to collect reinsurance for a claim even though the insolvent insurer (the reinsured) may be unable to pay the claim in whole or in part.  For example, an insolvency clause might contain language that (among other things) provides that "in the event of the

2

insolvency" of the reinsured, the reinsurance shall be payable by the reinsurer "directly to the insolvent company or to its liquidator, receiver or statutory successor on the basis of the liability of the insolvent company under the contract or contract reinsured without diminution because of the insolvency of the insolvent company."

## II.    The Liquidation Order And Notice To Nationwide

5.    By an Order dated June 17, 1971 (the "Liquidation Order"), this Court found that Citizens Casualty Company of New York ("Citizens") was insolvent and ordered the liquidation of Citizens under the control of the Superintendent of Insurance of the State of New York (the "Liquidator"). Pursuant to the Liquidation Order, the Liquidation Bureau gave notice of that order to interested parties. Attached as Exhibit 1 is a copy of the notice given (including a copy of the Liquidation Order), together with affidavits by an employee of the Liquidation Bureau attesting to service of notice on the parties specified therein. Notice to the defendant in this action, Nationwide Mutual Insurance Company ("Nationwide") is attested to on the page labeled DOI02067.

6.    Exhibit 2 (a letter dated December 23, 1971 from the files of the Liquidation Bureau that is consistent with the form of letter that would have been sent to all reinsurers indicated on the insolvent company's records) and Exhibit 3 (a December 30, 1971 acknowledgement by Nationwide from the files of the Liquidation Bureau) indicate that the Liquidation Bureau had also separately written to Nationwide and explained that the proceeds of Nationwide's reinsurance of Citizens were payable to the Liquidator:

> "It appears from the records of Citizens Casualty Company of New York that your company at one time entered into reinsurance agreements with you as reinsurer and Citizens as the ceding company.

Notice is hereby given to you that all proceeds of reinsurance relating to the aforesaid reinsurance agreements are payable and are to be turned over to the Superintendent of Insurance of the State of New York, as Liquidator of Citizens Casualty Company of New York." Exhibit 2.

## III.   The Plan To Expedite Closure Of The Citizens Estate And The Assignment To B.D. Cooke

### A.   Background

7.    The estate of Citizens remained open until 1998, when the estate was terminated pursuant to the Liquidator's plan for the early closure of the estate of Citizens (the "Plan").[1] But for the Plan, the estate of Citizens would have remained open even longer: by the mid-1990s, it was apparent that it could take many more years to (1) resolve all of the claims against the Citizens estate; (2) to collect for the estate the reinsurance owed to Citizens for such claims; and (3) to make a final distribution from the estate of Citizens to Citizens' creditors and thereafter close the estate.

8.    The Liquidator submitted the Plan to this Court for approval by way of a petition sworn to on October 11, 1996 (the "Petition"). I recognize Exhibit 5 as a true and correct copy of the Petition, without the supporting exhibits. This Court approved the form and manner for notice of the Petition to Citizens creditors and such notice was given by the Liquidation Bureau. Exhibit 6 is an affidavit by an employee of the Liquidation Bureau attesting to service of such notice of the Petition on the parties specified therein. Notice to Nationwide is attested to on the page labeled DOI00006.

---

[1]   A copy of the Order Directing Entry of Final Judgment and the Judgment formally closing the estate are attached hereto as Exhibit 4.

**B.    Incurred But Not Reported Reinsurance Claims**

9.      As reflected in the Petition, Citizens' largest creditor was a pool of insurance companies now represented by plaintiff B.D. Cooke & Partners Limited (all of which will be referred to as "B.D. Cooke") and formerly represented by the lead company in the pool, The Dominion Insurance Company Limited ("Dominion").  Exhibit 5 at ¶ 7.  Among other things, B.D. Cooke asserted reinsurance claims against Citizens under contracts where B.D. Cooke was the reinsured and Citizens was the reinsurer.  Id.

10.      As reflected in the Petition, as of 1996, although several thousand claims against the estate of Citizens had been resolved or "allowed," the Citizens estate remained opened, principally due to the need for the Liquidator to consider reinsurance claims asserted against Citizens, such as those asserted by B.D. Cooke.  Exhibit 5 at ¶ 7, 11-12.  In turn, proceeds were owed to, and needed to be collected into, the estate of Citizens under reinsurance contracts by which Citizens had ceded a portion of its liabilities for the reinsurance claims made against it. For example, as set forth in the Petition:

> "Prior to its liquidation, Citizens, along with other reinsurers, participated in a reinsurance pool managed first by Agency Managers, Ltd. ('AM') and then by Agency Managers, Inc. ('AMI') hereafter referred to as the AM Pool.  The AM Pool wrote coverage reinsuring casualty risks originally insured by primary insurers known as 'Cedent(s).'
>
> In some cases a Cedent contracted with only one AM Pool Member who acted as the fronting company.  The AM Pool member then obtained reinsurance (generally known as 'Inter Office Reinsurance') from the other members of the AM Pool pursuant to a written agreement with the AM Pool.  In many instances Citizens was the fronting company initially writing the coverage of the Cedent." Exhibit 5 at ¶¶ 4-5 (Internal paragraph numbers omitted).

11.    Exhibit 7, a document from the Liquidator's files, appears to be a letter sent to the Liquidation Bureau in which Nationwide indicated that it was a member of the AM Pool, acknowledged that Citizens had been a front, and sought to assert a claim against the estate of Citizens for premium owed to Citizens under Nationwide's reinsurance of Citizens. In addition, as reflected in Exhibit 8, the AM Pool manager submitted a proof of claim on behalf of anyone "who may have claims against Citizens Casualty Company of New York as a result of having done business through Agency Managers Ltd."

12.    As reflected in the Petition, the reinsurance claims against Citizens (and therefore the liabilities of Citizens' reinsurers such as Nationwide) included not only a claim for amounts that had been paid by the ceding-company claimant, but also for outstanding claims and Incurred But Not Reported or "IBNR" losses. Exhibit 5 at ¶ 12. IBNR losses are losses where the incident giving rise to the loss (and therefore to Citizens' liability) had already occurred, but had not yet been reported to the insurer. Id. In particular, during the 1970s, 1980s, and 1990s the Citizens estate and its reinsureds faced a rising tide of claims such as those for asbestos and environmental pollution, where injury occurred (and liability was therefore incurred) in the 1960s, for example, but was not manifest or reported until decades later.

13.    Under the Liquidation Order, Citizens' liability for IBNR (and all other) claims was fixed as of June 25, 1971. Exhibit 1 at DOI02062. Thus, in the ordinary course, these IBNR losses would be manifested and reported to the Liquidator, who would in turn collect from Citizens' reinsurers. On the basis of insolvency clauses, the Liquidator would be entitled to collect from the reinsurers "without diminution," even if Citizens had not paid the claim in whole or in part due to its insolvency.

6

14.    However, as reflected in the Petition, the Liquidator recognized in 1996, "it could take years to resolve the outstanding IBNR reinsurance liabilities of Citizens." Exhibit 5 at ¶¶ 12. Because the Liquidator was required to make an equal distribution to all similarly-situated claims made against the estate, this meant that the Liquidator's ability to close the estate and make a distribution to claimants would be similarly delayed.

**C.    Negotiations With B.D. Cooke**

15.    As noted above, however, the Liquidator instead received Court approval for the Plan, which ultimately led to the expedited closure of the Citizens estate. The Plan resulted from and was premised upon an agreement that I, in my capacity as Director of the Liquidation Bureau, (as well as others at the Liquidation Bureau) negotiated with B.D. Cooke. This reflected the fact that B.D. Cooke was not only the largest creditor of the Citizens estate with respect to paid claims, but also had more than $30 million of outstanding and IBNR claims against Citizens that were holding the estate open. Exhibit 5 at ¶ 19(d).

16.    Thus, I began discussing with B.D. Cooke the possibility that the Liquidator would vest B.D. Cooke with Citizens' reinsurance assets and B.D. Cooke would in exchange withdraw its outstanding and IBNR claims against the estate of Citizens. Vesting the reinsurance assets with B.D. Cooke would relieve the Liquidator of the need to collect on the reinsurance assets over time as outstanding and IBNR claims matured, while B.D. Cooke's withdrawal of its outstanding and IBNR as claims against the estate of Citizens would mean that those claims would no longer be among the group of claims to which the Liquidator was required to make a distribution from proceeds held by the estate.

17.    I recognize Exhibit 9 as true and correct copy of a letter that I received in October 1993 from Steve McCann, the representative of Dominion/B.D. Cooke with whom I

7

negotiated.  In that letter, Mr. McCann followed up on our initial discussions by setting forth a written proposal that became the basis of our discussions.

18.    After reviewing and analyzing the proposal set forth in Mr. McCann's October 1993 letter, the Liquidation Bureau concluded that it was a feasible solution to the problems we faced with the Citizens estate, with only one exception.  The exception related to the rate of dividend that would be paid on the losses that remained as claims against the estate of Citizens. These included B.D. Cooke's claims for its paid losses, as well the paid and outstanding losses of all other reinsurance creditors of Citizens.  Because the Liquidator had previously made distributions of approximately 50%, it was important that the agreement with B.D. Cooke would result in a dividend of at least 50% to the other reinsurance creditors.  As of January 1994, the Liquidation Bureau believed that it would be necessary for B.D. Cooke to accept a 25% dividend for its paid claims that would remain as claims against the estate of Citizens.  I recognize Exhibit 10 as a true and correct copy of a letter I sent to Mr. McCann on January 28, 1994 advising Mr. McCann of those conclusions.

19.    I recognize Exhibit 11 as a true and correct copy of a letter from Mr. McCann that I received in February 1994 in response to my January 28, 1994 letter.

20.    Upon a further review of the books and records of Citizens, including additional reinsurance collections and a further review of Citizens' outstanding liabilities, the Liquidation Bureau concluded that it would be able to proceed with the proposal set forth in Mr. McCann's October 1993 and pay B.D. Cooke a dividend of 50% for its paid claims that would remain as claims against the estate of Citizens.  I recognize Exhibit 12 as a true and correct copy of a letter I sent to Mr. McCann on February 18, 1994 advising Mr. McCann of those conclusions, and that, if he agreed, we could proceed with having our lawyers prepare the necessary papers.

21.    I recognize Exhibit 13 as a letter I received from Mr. McCann in February 1994, at which point an agreement in principle had been reached to proceed with the proposal set forth in Mr. McCann's October 1993 letter.

**D.    This Court's Approval Of The Plan, The Petition, And The Assignment**

22.    Although it took the lawyers several months to prepare the necessary papers, including the Petition to this Court setting forth the Plan, the premises of the agreement reached in February 1994 were not renegotiated. Indeed, the Petition specifically sets out the essential premise of that agreement in Paragraph 19, which after discussing the assignment of Citizens' reinsurance assets to B.D. Cooke in sub-paragraph (a) through (c), states as follows:

> (d)    In consideration of the foregoing, the B.D. Cooke Pool has agreed to the Liquidator's valuation of its claims and agrees to forego its claim for outstanding losses which are Thirty Million Seven Hundred-Twenty Two Thousand Seven Hundred Dollars ($30,722,700) as of June 30, 1994 as reflected on the Liquidator's books and records, it being understood that the B.D. Cooke Pool will assert its claims for outstanding and future losses, against those assets, agreements and other rights being assigned to the B.D. Cooke Pool pursuant to the recommendations of the Liquidator set forth in paragraphs 19(a), (b) and (c) above." Exhibit 5 at ¶ 19.

23.    After notice of the Petition was given to interested parties (including Nationwide, as discussed above) in the form and manner approved by this Court, this Court approved the Petition, the Plan and the assignment of Citizens' reinsurance assets to B.D. Cooke (the "Assignment") in a Corrected Order dated March 6th, 1997 (the "Approval Order"). I recognize Exhibit 14 as a true and correct copy of the Approval Order. The Assignment was executed on June 25, 1997, and I recognize Exhibit 15 as a true and correct copy.

24.    In addition to approving the Plan and Petition as a general matter, the Approval Order set forth (in Paragraph 3) specific additional orders "in accordance with the Plan".

Exhibit 14. Each of these specific orders had been requested in the Petition as part of the Plan, and each element of the Plan was explained in the Petition. Exhibit 5 at ¶¶ 10-19.

25.    Paragraph 3(a)-(d) of the Approval Order address Citizens' reinsurance liabilities. With respect to Citizens' reinsurance liabilities that would remain as claims against the estate of Citizens, Paragraphs 3(a) and 3(b) of the Approval order "fix" the amount of the estate's liability for those claims and Paragraph 3(c) "allows" those claims for participation in a distribution by the Liquidator from the estate of Citizens. Exhibit 14. These orders were requested in Paragraphs 10(a)-(c) of the Petition, and were explained in Paragraphs 11-16, under the heading "Fixing Citizens' Reinsurance Liabilities and Allowance of Claims." Exhibit 5. Paragraph 3(d) of the Approval Order addressed Citizens' reinsurance liabilities that did not remain as claims against the estate of Citizens (i.e., B.D. Cooke's outstanding and IBNR claims) by approving the Assignment that the Liquidation Bureau had negotiated with B.D. Cooke in exchange for B.D. Cooke withdrawing those claims as claims against the estate of Citizens. Exhibit 14. This order was requested in Paragraphs 10(d) of the Petition, and was explained in Paragraphs 18-19, under the heading "Assignment of Reinsurance and Excess of Loss Reinsurance". Exhibit 5.

26.    Finally, having fully addressed Citizens' reinsurance liabilities in Paragraphs 3(a)-(d), the Approval Order addressed Citizens' non-reinsurance liabilities in Paragraph 3(e) by barring "all other claims or potential claims. . . as against the Liquidator." Exhibit 14. This order was requested in Paragraphs 10(e) of the Petition, and was explained in Paragraph 17, under the heading "Fixing Citizens' Non-Reinsurance Liabilities". Exhibit 5.

## IV.     Additional Comments

27.     As set forth in the Petition, the Liquidation Bureau proceeded with the Plan and the Assignment after concluding that to do so would benefit Citizens' remaining creditors. Exhibit 5 at 15, 18.  All reinsurance claims which remained as claims against the estate of Citizens received a proportionate distribution.

28.     Nor does the Assignment of Citizens' reinsurance assets to B.D. Cooke discriminate against other creditors.  A liquidator has an obligation to maximize the value received assets for the assets of the estate for the benefit of the claimants against the estate, and has wide latitude for doing so.  Those assets can be sold or given in settlement.  Here, the Assignment to B.D. Cooke maximized the value of the reinsurance assets to the estate of Citizens and the other creditors.

29.     As set forth in the Petition, retaining those reinsurance assets in the estate would impose upon the estate the expense, delay and risk of collecting on those assets.  Exhibit 5 at ¶¶ 15, 18.  It was not likely to increase the ultimate distribution to the other creditors, but would delay such a distribution by many years.  Id.  In contrast, the estate of Citizens received important and immediate value in exchange for assigning those reinsurance assets to B.D. Cooke.  B.D. Cooke withdrew nearly $31 million dollars of outstanding losses and additional millions of IBNR losses as claims against the estate of Citizens.  Id. ¶ 19.  As a result, the remaining claims received a larger proportionate share of the amounts available for distribution.  In addition, the Liquidator was able to provide an expedited distribution, which the Liquidator concluded was in the best interests of Citizens' creditors, as set forth in the Petition and approved by this Court.  Id. ¶¶ 15, 18; Exhibit 14.

30.    The Assignment and the agreement negotiated with B.D. Cooke were proper and an appropriate exercise of the wide discretion placed in the Liquidator to obtain maximum value from the assets of the estate.  The Liquidator's ability to obtain maximum value would be undercut if the Liquidator were prohibited from assigning those assets to parties such as B.D. Cooke, which was the party in the best position to utilize Citizens' reinsurance assets, and therefore was in the best position to provide maximum value to the estate in return.

31.    The Assignment enabled the Liquidator to close out the Citizens liquidation proceedings and make a dividend distribution to creditors.  The Assignment was prepared by the employees of the Liquidation Bureau and was approved by the Justice of the Supreme Court supervising the Citizens liquidation proceedings.  To summarize:  (1) the Liquidator petitioned this Court for approval of the assignment; (2) this Court approved the form and manner of notice of the petition; (3) the Liquidator provided such notice to creditos; (4) those creditors not only failed to object at the time, but also received an expedited distribution pursuant to the petition and as a result of the assignment; and (5) the assignment was approved by this Court "in the manner described in the Petition."

32.    The Assignment did not contravene any duty owed to Citizens' reinsurers.  Without the Assignment, outstanding and future IBNR claims would have matured, and the Liquidator would have collected the corresponding proceeds from Citizens' reinsurers.  The

Assignment altered neither the timing nor amount of the liabilities of Citizens' reinsurers, and

those reinsures have not been prejudiced.

John Tafuro

Sworn to before me this
4 day of February, 2003.

Notary Public

ARTHUR W. HOROWITZ
Notary Public, State of New York
No. 24-1860360
Qualified in Richmond County
Commission Expires Dec. 31, 20___

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - X

    In the Matter of        :

    the Liquidation of

CITIZENS CASUALTY COMPANY OF NEW YORK  :
- - - - - - - - - - - - - - - - - - X


- - - - - - - - - - - - - - - - - - X

                :

  (AS PER ATTACHED LIST)

             :

- - - - - - - - - - - - - - - - - - X

S I R:

    NOTICE IS HEREBY GIVEN to you that by an order made on the 14th day of June, 1971, by HON. SAUL S. STREIT, a Justice of the Supreme Court of the State of New York, and entered in the New York County Clerk's Office on the 17th day of June, 1971, CITIZENS CASUALTY COMPANY OF NEW YORK was dissolved and BENJAMIN R. SCHENCK, Superintendent of Insurance of the State of New York was appointed Liquidator thereof. A copy of the said order of Liquidation is annexed hereto and is hereby served upon you.

    NOTICE IS FURTHER GIVEN to you that pursuant to the said order and the provisions of Article XVI of the Insurance Law of the State of New York, the Superintendent of Insurance of the State of New York is vested with title to all of the property, contracts, and rights of action of CITIZENS CASUALTY COMPANY OF NEW YORK.

DOI02053

NOTICE IS FURTHER GIVEN to you that all proceeds of reinsurance relating to reinsurance agreements entered into with you as reinsurer and CITIZENS CASUALTY COMPANY OF NEW YORK as ceding company are payable to the Superintendent of Insurance of the State of New York as Liquidator of CITIZENS CASUALTY COMPANY OF NEW YORK and demand is hereby made upon you for such payment.

Dated:  New York, N. Y., August 17th, 1972.

Yours, etc.,

LEONARD H. MINCHES
Attorney for Superintendent of
Insurance of the State of New York
as Liquidator of CITIZENS CASUALTY
COMPANY OF NEW YORK
Office & P. O. Address
116 John Street
New York, N. Y. 10038

DOI02054

At a Special Term, Part I of the
Supreme Court of the State of
New York, held in and for the
County of New York, at the
County Courthouse, 60 Centre
Street, Borough of Manhattan,
City and State of New York, on
the 14th day of May, 1971.

P R E S E N T:

    HON. SAUL S. STREIT,

                  Justice.

------------------------------------------X

    In the Matter of

    the Application of

BENJAMIN R. SCHENCK, as Superintendent
of Insurance of the State of New York,
for an order to take possession and
liquidate the business of and dissolve

CITIZENS CASUALTY COMPANY OF NEW YORK

------------------------------------------X

    Petitioner, BENJAMIN R. SCHENCK, Superintendent of In-

surance of the State of New York, having moved this Court for an

order terminating the rehabilitation proceeding of CITIZENS

CASUALTY COMPANY OF NEW YORK and to take possession of the prop-

erty and to liquidate the business and affairs and to dissolve

the corporate existence of CITIZENS CASUALTY COMPANY OF NEW YORK,

and said motion having duly come on before this Court on March 9th,

May 3rd, 12th, 13th, 14th and 17th, 1971,

    NOW, upon reading and filing the Order to Show Cause

made on the 3rd day of March, 1971, by HON. ANDREW R. TYLER, one

of the Justices of the Supreme Court of the State of New York and

the petition of BENJAMIN R. SCHENCK, Superintendent of Insurance

of the State of New York, verified the 26th day of February, 1971,

and the exhibits annexed thereto, with proof of due service there-

-1-

DOI02055

of in support of said motion, the answer of CITIZENS CASUALTY

COMPANY OF NEW YORK verified the 13th    day of May, 1971 and the

answer of Exeter International Corp. verified the 13th day of

April,1971, a proposed plan of rehabilitation of CITIZENS CASUALTY

COMPANY OF NEW YORK submitted by Exeter International Corp., the

affidavit of Anthony Berel, sworn to the 8th day of March, 1971,

and the affidavit of George N. Friedlander, sworn to the 8th day

of March, 1971 in opposition thereto; and it appearing to my sat-

isfaction that CITIZENS CASUALTY COMPANY OF NEW YORK was incor-

porated on the 11th day of October, 1928 and licensed as a stock

casualty insurer on the 24th day of October, 1928; that its prin-

cipal office is located in the County of New York, State of New

York; that it is amenable to the Insurance Law of the State of

New York and particularly to Article XVI thereof, and upon reading

the Order of Rehabilitation dated the 23rd day of March, 1970,

made by the Appellate Division of the Supreme Court, First Depart-

ment, a copy of which is annexed to the aforementioned petition

herein and marked Exhibit "A" and it appearing to my satisfaction

that further efforts to rehabilitate CITIZENS CASUALTY COMPANY OF

NEW YORK would be futile and that the rehabilitation proceeding of

the said corporation should be terminated; that there is at pres-

ent no insurance of respondent in force or effect and for that

reason the Liquidator should be relieved of the requirement of

Section 514, subd.2a respecting the reinsurance of all or part of

the respondent's policy obligations, and the Court having found

as follows:

-2-

DOI02056

1.   That the CITIZENS CASUALTY COMPANY OF NEW YORK was insolvent as of December 31, 1970 to the extent of $6,697,904.72.

2.   That CITIZENS CASUALTY COMPANY OF NEW YORK and its officers and directors have failed to comply with the request of the Superintendent of Insurance to repair the impairment of capital, or infuse any capital whatever since the letter of the Superintendent of Insurance to the company dated April 23, 1968.

3.   That it would be futile for the Superintendent of Insurance to continue the rehabilitation proceeding of CITIZENS CASUALTY COMPANY OF NEW YORK.

4.   That it would be hazardous to the policyholders, to the stockholders, to the creditors and to the public to continue the company.

5.   That all efforts to rehabilitate the company have been futile.

6.   That the petitioner is entitled to a judgment for the liquidation of the respondent upon the grounds stated in Sections 511(a), (c) and (e), 94, 512(2) and 526 of the New York Insurance Law;

that it is to the best interests of all persons concerned that this application should be granted and the rehabilitation proceeding of CITIZENS CASUALTY COMPANY OF NEW YORK should be terminated and CITIZENS CASUALTY COMPANY OF NEW YORK liquidated under and pursuant to Article XVI of the Insurance Law;  that it should be dissolved and its corporate charter annulled and forfeited; and petitioner having appeared by HON. LOUIS J. LEFKOWITZ, Attorney General of the State of New York by Mark T. Walsh, Esq. of counsel,

-3-

DOI02057

in support of said motion and Feuerstein & Underweiser, Esqs., by
and Aruggi, Ehrlich & Lang Esqs.
Bernard A. Feuerstein, Esq., attorneys for CITIZENS CASUALTY COM-
by Admund Ehrlich Esqs
PANY OF NEW YORK, and D'Amato, Costello & Shea, Esqs., by Joseph
M. Costello, Esq., attorneys for Exeter International Corp.
appearing in opposition thereto, and Exeter International Corp.
having withdrawn its proposed plan of rehabilitation of CITIZENS
CASUALTY COMPANY OF NEW YORK, and Exeter International Corp. hav-
ing withdrawn from further participation in the case, and after a
full hearing, and after due deliberation having been had thereon
and upon filing the decision of this Court,

NOW, on motion of HON. LOUIS J. LEFKOWITZ, Attorney
General of the State of New York, it is

ORDERED AND ADJUDGED, that the petition of BENJAMIN R.
SCHENCK, Superintendent of Insurance of the State of New York, be
and the same hereby is in all respects granted, and it is further

ORDERED AND ADJUDGED, that the "First", "Second",
"Third" and "Fourth" separate and distinct defenses contained in
the answer of respondent CITIZENS CASUALTY COMPANY OF NEW YORK be
and they hereby are dismissed and the answer of Exeter Inter-
national Corp. be and it hereby is dismissed, and it is further

ORDERED AND ADJUDGED, that the proposed plan of rehabil-
itation of CITIZENS CASUALTY COMPANY OF NEW YORK submitted by
Exeter International Corp. be and the same hereby is permitted to
be withdrawn, and it is further

ORDERED AND ADJUDGED, that the rehabilitation proceeding
of CITIZENS CASUALTY COMPANY OF NEW YORK, instituted in the
Supreme Court, New York County, file #40810/1969, be and the same
hereby is terminated, and it is further

-4-

DOI02058

ORDERED AND ADJUDGED, that the petitioner's proposed findings numbered "1" to "6" be and they hereby are found and allowed as follows:

1. That the CITIZENS CASUALTY COMPANY OF NEW YORK was insolvent as of December 31, 1970 to the extent of $6,697,904.72.

2. That CITIZENS CASUALTY COMPANY OF NEW YORK and its officers and directors have failed to comply with the request of the Superintendent of Insurance to repair the impairment of capital, or infuse any capital whatever since the letter of the Superintendent of Insurance to the company dated April 23, 1968.

3. That it would be futile for the Superintendent of Insurance to continue the rehabilitation proceeding of CITIZENS CASUALTY COMPANY OF NEW YORK.

4. That it would be hazardous to the policyholders, to the stockholders, to the creditors and to the public to continue the company.

5. That all efforts to rehabilitate the company have been futile.

6. That the petitioner is entitled to a judgment for the liquidation of the respondent upon the grounds stated in Sections 511(a), (c) and (e), 94, 512(2) and 526 of the New York Insurance Law;

and it is further

ORDERED AND ADJUDGED, that CITIZENS CASUALTY COMPANY OF NEW YORK be and it hereby is adjudged to be insolvent, and it is further

ORDERED AND ADJUDGED, that BENJAMIN R. SCHENCK, as

-5-

DOI02059

Superintendent of Insurance of the State of New York and his successors in office as Superintendents of Insurance of the State of New York, be and he is and they are hereby appointed Liquidator of CITIZENS CASUALTY COMPANY OF NEW YORK, and are hereby authorized and directed forthwith to take possession of the property and liquidate the business of CITIZENS CASUALTY COMPANY OF NEW YORK under and pursuant to the provisions of Article XVI of the Insurance Law of the State of New York and to deal with the property and business of CITIZENS CASUALTY COMPANY OF NEW YORK, in his or their names as Superintendents of Insurance and he is and they are vested with title to all of the property, contracts and rights of action of CITIZENS CASUALTY COMPANY OF NEW YORK, and it is further

ORDERED AND ADJUDGED, that formal notice of the making and entry of this order be given by the Superintendent of Insurance, as Liquidator, by mail to all policyholders, creditors and all other persons having any unsatisfied claim or demand of any character against the corporation as disclosed by the books and records of the corporation in the possession of the Superintendent of Insurance, as Liquidator, at the last known address of such persons as disclosed by said records and in such other manner and form as he in his discretion may find desirable, demanding that all persons indebted to CITIZENS CASUALTY COMPANY OF NEW YORK render accounts of their indebtedness and pay any sums due to the Superintendent of Insurance as Liquidator; and giving notice to present proofs of claim with the Superintendent of Insurance, as Liquidator, at a place specified in such notice within eight

-6-

DOI02060

months from the date of the entry of this order and no later than
the 14th day of February, 1972; and that such notice may contain
such other rules, regulations and information as the Superintend-
ent of Insurance, as Liquidator, may deem necessary for the pur-
pose of this proceeding in fixing and determining all lawful and
valid claims and demands against the corporation, and it is
further

ORDERED AND ADJUDGED, that the notice aforesaid be given
by publication in the national editions of the New York Times,
The Journal of Commerce and the Wall Street Journal, commencing
on or about the 25th day of June, 1971, and thereafter twice a
week for three successive weeks, and it is further

ORDERED AND ADJUDGED, that notice of liquidation be
given to those who may not otherwise receive notice, by publica-
tion of such notice in one newspaper in each of the following
cities:

Los Angeles and San Francisco, California,

Denver, Colorado,

Hartford, Connecticut,

Jacksonville, Florida,

Atlanta, Georgia,

Chicago, Illinois,

New Orleans, Louisiana,

Boston, Massachusetts,

Seattle, Washington,

Detroit, Michigan,

Newark, New Jersey,

Philadelphia, Pennsylvania,

-7-

DOI02061

San Juan, Puerto Rico,

Providence, Rhode Island,

Dallas, Texas,

by publication of such notice once a week for three successive weeks within the period allowed for the filing of claims, the newspaper to be selected by the Liquidator in his discretion; and it is further

ORDERED AND ADJUDGED, that the notice hereinbefore prescribed is sufficient notice to all persons interested in the assets of CITIZENS CASUALTY COMPANY OF NEW YORK, and it is further

ORDERED AND ADJUDGED, that all outstanding policy, bond or other insurance obligations and all other subsisting contracts and other obligations of CITIZENS CASUALTY COMPANY OF NEW YORK terminate and all liability thereunder cease and be fixed as of 12 o'clock midnight eastern daylight saving time, on the 25th day of June, 1971, or prior thereto upon the procurement by policyholders, respectively, of new insurance covering their risks insured thereby or upon cancellation or termination of any other obligations or subsisting contracts prior to the said date, and notice thereof shall be given as hereinabove set forth, and it is further

ORDERED AND ADJUDGED, that the Superintendent of Insurance, as Liquidator, be and he hereby is relieved of the provisions set forth in Section 514(2a) Insurance Law, to wit, to reinsure in whole or in part the policy obligations of CITIZENS CASUALTY COMPANY OF NEW YORK, and it is further

-8-

DOI02062

ORDERED AND ADJUDGED, that said CITIZENS CASUALTY COMPANY OF NEW YORK, its officers, directors, trustees, policy-holders, agents and employees and all other persons having any property or records belonging to the said CITIZENS CASUALTY COMPANY OF NEW YORK, are hereby directed to assign, transfer and deliver to the Superintendent of Insurance, as Liquidator, all of such property in whosoever name the same may be, and that any persons, firms or corporations having any books, papers or records relating to the business of said corporation shall preserve the same and submit them to the Superintendent of Insurance, as Liquidator, for examination at all times, and it is further

ORDERED AND ADJUDGED, that the officers, directors, trustees, policyholders, agents and employees of said CITIZENS CASUALTY COMPANY OF NEW YORK, and all other persons be and they hereby are enjoined and restrained from the further transaction of business or from dealing with or disposing of the property or assets of said corporation, or doing or permitting to be done any act or thing which might waste its property or assets or allow or suffer the obtaining of preferences, judgments, attachments or other liens, or the making of any levy against said corporation, or its estate while in the possession and control of the Superintendent of Insurance, as Liquidator, and it is further

ORDERED AND ADJUDGED, that the officers, directors, trustees, policyholders, agents and employees of said CITIZENS CASUALTY COMPANY OF NEW YORK, and all other persons, be and they hereby are enjoined and restrained from bringing or further prosecuting any action at law, suit in equity, special or other pro-

-9-

DOI02063

ceeding against the said corporation or its estate, or the Super-
intendent of Insurance of the State of New York and his successors
in office, as Liquidators thereof, or their agents, or from making
or executing any levy upon the property or estate of said corpora-
tion, or from in any way interfering with the Superintendent of
Insurance of the State of New York, or his successors in office,
in his or their possession, control or management of the property
of said corporation, or in the liquidation of the business of
said corporation, and it is further

ORDERED AND ADJUDGED, that the corporate charter of said
CITIZENS CASUALTY COMPANY OF NEW YORK, be and the same hereby is
forfeited, surrendered and annulled and the said CITIZENS CASUALTY
COMPANY OF NEW YORK is hereby dissolved, and it is further

ORDERED AND ADJUDGED, that all further papers in this
proceeding shall bear the caption and be entitled:

"SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of

the Liquidation of

CITIZENS CASUALTY COMPANY OF NEW YORK"

in place and stead of the caption as heretofore used, and it is
further

ORDERED AND ADJUDGED, that the Superintendent of Insur-
ance as Liquidator, may at any time make further application at
the foot of this order for such further and different relief as
may be requisite.

PAY DATE APR 2 5

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office on the
17th day of June, 1971.

*(signature)*

County Clerk and Clerk of the
Supreme Court New York County
NO FEE - OFFICIAL USE

E N T E R,

*(signature)*

J. S. C.

*Norman Goodman
Clerk*

-10-

DOI02064

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

     In the Matter of         :

      the Liquidation of     :

CITIZENS CASUALTY COMPANY OF NEW YORK   :

- - - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK  )
             : SS.:
COUNTY OF NEW YORK )

       GEORGE F. KOTLER, being duly sworn, deposes and says:

       That he is over the age of twenty-one years and is em-
ployed by the Insurance Department of the State of New York,
Liquidation Bureau, 116 John Street, Borough of Manhattan, City
and State of New York.

       That on the 17th day of August, 1972, he served by
registered mail, return receipt requested, a true copy of Notice
of Liquidation, Copy of Liquidation Order and Demand upon the
following:

               AMERICAN RE-INSURANCE COMPANY
               99 John Street
               New York, New York 10038

               AMERICAN STATES INSURANCE COMPANY
               542 North Meridian Street
               Indianapolis, Indiana 46206

               THE AETNA CASUALTY AND SURETY COMPANY
               151 Farmington Avenue
               Hartford, Connecticut 06115

               BENEFICIAL FIRE AND CASUALTY
               INSURANCE COMPANY
               Beneficial Plaza
               3700 Wilshire Boulevard
               Los Angeles, California 90054

               BRITISH NORTHWESTERN INSURANCE COMPANY
               P.O. Box 14
               Toronto Dominion Centre
               Toronto, Ontario, Canada

DOI02065

ALEXANDER HOWDEN & COMPANY, LTD.
Bankside House
107-112 Leadenhall Street
London, E.C. 3
England

INTERSTATE FIRE & CASUALTY COMPANY
175 West Jackson Boulevard
Chicago, Illinois 60604

MAIN INSURANCE COMPANY
325 South Wacker Drive
Chicago, Illinois 60606

MIDLAND NATIONAL INSURANCE COMPANY
c/o LA SALLE NATIONAL INSURANCE COMPANY
221 North La Salle Street
Chicago, Illinois 60601

MOUNT VERNON FIRE INSURANCE COMPANY
1030 Continental Drive
King of Prussia, Pennsylvania 19406

THE NATIONAL GUILD INSURANCE COMPANY
7835 Eastern Avenue
Silver Spring, Maryland 20910

SKANDINAVIA INSURANCE COMPANY, LTD.
c/o CHRISTIANIA GENERAL INSURANCE
CORPORATION OF NEW YORK
102 White Plains Road
Tarrytown, New York 10591

THE STUYVESANT INSURANCE COMPANY
1105 Hamilton Street
Allentown, Pennsylvania 18101

CHRISTIANIA GENERAL INSURANCE CORPORATION
OF NEW YORK
102 White Plains Road
Tarrytown, New York 10591

by depositing same in a sealed envelope with the postage thereon
prepaid. Such Notice of Liquidation, Copy of Liquidation Order
and Demand, addressed and stamped were deposited and mailed in a
branch post office maintained by the United States Government at
73 Pine Street (Wall Street Station), Borough of Manhattan, City
and State of New York.

Sworn to before me this
23rd day of August, 1972.

*George F. Kotler*

ELIZABETH Y. CHERRY
NOTARY PUBLIC, State of New York
No. 43-0625628
Qualified in Richmond County
Commission Expires March 30, 1973

DOI02066

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------X
                In the Matter of              :

                the Liquidation of            :

CITIZENS CASUALTY COMPANY OF NEW YORK         :

------------------------------------------X

STATE OF NEW YORK  )
                   : SS.:
COUNTY OF NEW YORK )

        GEORGE F. KOTLER, being duly sworn, deposes and says:

        That he is over the age of twenty-one years and is em-
ployed by the Insurance Department of the State of New York,
Liquidation Bureau, 116 John Street, Borough of Manhattan, City
and State of New York.

        That on the 18th day of August, 1972, he served by
registered mail, return receipt requested, a true copy of Notice
of Liquidation, Copy of Liquidation Order and Demand upon the
following:

                PHOENIX INSURANCE COMPANY
                One Tower Square
                Hartford, Connecticut 06115

                THE INDEMNITY MARINE ASSURANCE
                COMPANY, LTD. (U.S. BRANCH)
                111 John Street
                New York, New York 10038

                THE MONARCH INSURANCE COMPANY OF OHIO
                19 Rector Street
                New York, New York 10006

                NATIONWIDE MUTUAL INSURANCE COMPANY
                246 North High Street
                Columbus, Ohio 43216

                ALLSTATE INSURANCE COMPANY
                Allstate Plaza
                Northbrook, Illinois 60062

                AGENCY MANAGERS LIMITED CASUALTY POOL
                127 John Street
                New York, New York 10038

AMERICAN MUTUAL LIABILITY INSURANCE COMPANY
Wakefield, Massachusetts 01880

ARKWRIGHT MUTUAL INSURANCE COMPANY
c/o Arkwright-Boston Manufacturers Mutual
Insurance Company
225 Wyman Street
Waltham, Massachusetts 02154

GRANGE LEAGUE FEDERATION INSURANCE COMPANY
c/o Agway Insurance Company
333 Butternut Drive
De Witt, New York 13214

HOUSTON FIRE AND CASUALTY INSURANCE COMPANY
P. O. Box 1869
Fort Worth, Texas 76101

PEERLESS INSURANCE COMPANY
62 Maple Avenue
Keene, New Hampshire 03431

GREAT AMERICAN INSURANCE COMPANY
99 John Street
New York, New York 10038

W. A. STICKLAND & CO. LTD.
3 Lloyds Avenue
London, E. C. 3
England

EASTERN FIRE AND CASUALTY INSURANCE COMPANY
Post Office Box 413
Columbia, South Carolina 39201

FOREIGN CREDIT INSURANCE ASSOCIATION
250 Broadway
New York, New York 10007

GUARANTY REINSURANCE COMPANY
2 North Riverside Plaza
Chicago, Illinois 60606

HARTFORD ACCIDENT AND INDEMNITY COMPANY
Hartford Plaza
Hartford, Connecticut 06115

NATIONAL INSURANCE COMPANY OF SAN JUAN,
PUERTO RICO
c/o Sterling Offices Ltd.
116 John Street
New York, New York 10038

NATIONAL UNION INSURANCE COMPANY OF WASHINGTON
2135 Wisconsin Avenue N. W.
Washington, D. C. 20007

NORTHWESTERN CASUALTY INSURANCE COMPANY
731 North Jackson Street
Milwaukee, Wisconsin 53201

DOI02068

CONSTELLATION REINSURANCE COMPANY
116 John Street
New York, New York 10038

AMERICAN FIDELITY FIRE INSURANCE COMPANY
485 Old Country Road
Westbury, Long Island, N. Y. 11590

AMERICAN UNION INSURANCE COMPANY OF NEW YORK
542 North Meridian Street
Indianapolis, Indiana 46206

EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY
OF WISCONSIN
2000 Westwood Drive
Wausau, Wisconsin 54401

HARDWARE MUTUAL CASUALTY COMPANY (SENTRY GROUP)
1421 Strongs Avenue
Stevens Point, Wisconsin 54481

LIBERTY MUTUAL INSURANCE COMPANY
175 Berkeley Street
Boston, Massachusetts 02117

NATIONAL CASUALTY COMPANY
1100 Griswold Building
Detroit, Michigan 48226

PHILADELPHIA REINSURANCE CORPORATION
Packard Building
Philadelphia, Pennsylvania 19102

AMERICAN HOME ASSURANCE COMPANY
102 Maiden Lane
New York, New York 10005

AMERICAN MOTORISTS INSURANCE COMPANY
Sheridan Road at Lawrence Avenue
Chicago, Illinois 60640

EAGLE FIRE INSURANCE COMPANY
c/o Eagle Insurance Company
225 Broadway
New York, New York 10007

FARMERS ELEVATOR MUTUAL INSURANCE COMPANY
Fleur and Bell
Des Moines, Iowa 50315

RELIANCE INSURANCE COMPANY
4 Penn Center Plaza
Philadelphia, Pennsylvania 19103

CERTIFIED INDEMNITY COMPANY
1441 York Street
Denver, Colorado 80206

COMMERCIAL SECURITY INSURANCE EXCHANGE
750 East Green Street
Pasadena, California 91101

DOI02069

CONTINENTAL CASUALTY COMPANY
310 South Michigan Avenue
Chicago, Illinois 60604

COUNTRYWIDE INSURANCE COMPANY
1150 SOUTH OLIVE STREET
Los Angeles, California 90015

EMPLOYERS REINSURANCE CORPORATION
21 West Tenth Street
Kansas City, Missouri 64105

R. W. GIBBON & SON LTD.
24 Lime Street
London, E. C. 3, England
(Mr. George Cox, Director)

AMERICAN BENEFIT LIFE INSURANCE COMPANY
200 Josephine
Denver, Colorado 80206

ANIMAL INSURANCE COMPANY OF AMERICA and/or
CONSOLIDATED MUTUAL INSURANCE COMPANY
345 Adams Street
Brooklyn, New York 11201

CALIFORNIA PROPERTY AND/OR PHYSICAL DAMAGE
INSURANCE
c/o Cravens, Dargan & Company
P. O. Box 76268
3540 Wilshire Boulevard
Los Angeles, California 90005

FEDERAL INSURANCE COMPANY
90 John Street
New York, New York 10038

THE HOME INSURANCE COMPANY
59 Maiden Lane
New York, New York 10008

OLYMPIC INSURANCE COMPANY
1150 South Olive Street
Los Angeles, California 90015

TRANSATLANTIC REINSURANCE COMPANY
102 Maiden Lane
New York, New York 10005

MT. BEACON INSURANCE COMPANY
1150 South Olive Street
Los Angeles, California 90015

URBAINE FIRE INSURANCE COMPANY - U.S. BRANCH
c/o Fester, Fothergill & Hartung, New York
90 John Street
New York, New York 10038

URBAINEFIRE INSURANCE COMPANY - U.S. BRANCH
c/o Unity Fire & General Insurance Company
116 John Street
New York, New York 10038

DOI02070

NORTH STAR REINSURANCE CORPORATION
90 William Street
New York, New York 10038

COSMOPOLITAN MUTUAL INSURANCE COMPANY
10 Columbus Circle
New York, New York 10019

THE DOMINION INSURANCE COMPANY
c/o Agency Managers Limited
127 John Street
New York, New York 10038

GENERAL REINSURANCE CORPORATION
400 Park Avenue
New York, New York 10022

AMALGAMATED MUTUAL CASUALTY COMPANY
c/o Empire Mutual Insurance Company
1965 Broadway
New York, New York 10023

CALIFORNIA COMPENSATION AND FIRE COMPANY
28 Geary Street
San Francisco, California 94108

SECURITY MUTUAL INSURANCE COMPANY OF NEW YORK
500 Grand Concourse
New York, New York 10451

EAGLE STAR INSURANCE COMPANY, LTD.
London, England
U. S. Branch, 75 Maiden Lane
New York, New York 10038

PACIFIC INDEMNITY COMPANY
3200 Wilshire Boulevard
Los Angeles, California 90054

MUTUAL BOILER AND MACHINERY INSURANCE COMPANY
225 Wyman Street
Waltham, Massachusetts 02154

UNION & PHENIX ESPANOL INSURANCE COMPANY
U. S. BRANCH
c/o Fester, Fothergill & Hartung
90 John Street
New York, New York 10038

HOME OWNERS INSURANCE COMPANY
7 South Dearborn Street
Chicago, Illinois 60603

WINDSOR INSURANCE COMPANY OF CHICAGO, ILLINOIS
c/o State Fire and Casualty Company
123 Northeast 79th Street
Miami, Florida 33138

FIDELITY GENERAL INSURANCE COMPANY
One North Wacker Drive
Chicago, Illinois 60606

DOI02071

DIRECT SERVICE CORPORATION OF NEW YORK
45 John Street
New York, New York 10038
Mr. Robert R. Spering, President

STARR ASSOCIATES, INC.
116 John Street
New York, New York 10038

UNIVERSAL UNDERWRITERS INSURANCE COMPANY
5115 Oak
Kansas City, Missouri 64112

SIGNAL INSURANCE COMPANY
417 South Hill Street
Los Angeles, California 90013

TRANSPORT INSURANCE COMPANY
4100 Harry Hines Boulevard
Dallas, Texas 75219

LACKAWANNA CASUALTY COMPANY
466 Miners National Bank Building
Wilkes-Barre, Pennsylvania 18701

MERCHANTS MUTUAL INSURANCE COMPANY
250 Main Street
Buffalo, New York 14240

TRANSIT CASUALTY COMPANY
901 Washington Avenue
St. Louis, Missouri 63173

INDEPENDENCE MARINE SERVICES, INC.
235 White Horse Pike
West Collingswood, New Jersey 08107

REPUBLIC INDEMNITY COMPANY OF AMERICA
1220 North Highland Avenue
Los Angeles, California 90038

LA SALLE NATIONAL INSURANCE COMPANY
175 West Jackson Boulevard
Chicago, Illinois 60604

FREMONT INDEMNITY COMPANY
6053 W. 3rd Street
Los Angeles, California 90036

TOWER INDEMNITY COMPANY
c/o Industrial Indemnity Administrators
255 California Street
San Francisco, California

IMPERIAL INSURANCE EXCHANGE
c/o Imperial Insurance Company
417 South Hill Street
Los Angeles, California

ST. LOUIS FIRE & MARINE INSURANCE COMPANY
c/o Medallion Insurance Company
1907 Grand Avenue
Kansas City, Missouri 64108

DOI02072

TALBOT BIRD & COMPANY, INC.
156 William Street
New York, New York 10038

SMITH BIGGS & COMPANY, INC.
90 John Street
New York, New York 10038

HOME & OVERSEAS LTD.
c/o O'Brien & O'Brien
90 John Street
New York, New York

JONES & WHITLOCK
169 William Street
New York, New York

PHILADELPHIA MUTUAL INSURANCE
7314 Castor Avenue
Philadelphia, Pennsylvania 19152

AMERICAN FIRE & CASUALTY COMPANY
P. O. Box 2753 American Building
Orlando, Florida 32802

OTIS CLARK & COMPANY
206 Sansome Street
San Francisco, California

EAGLE INSURANCE COMPANY
55 John Street
New York, New York 10038

SECURITY INSURANCE GROUP
1000 Asylum Avenue
Hartford, Connecticut 01610

LEE McCARTHY & DE ROSA, ESQS.
102 Maiden Lane
New York, New York

PACIFIC INDEMNITY GROUP
3200 Wilshire Boulevard
Los Angeles, California 90054

INTERCONTINENTAL MARINE ASSOCIATES, INC.
c/o Marsh & McLennan of Louisiana
225 Baronne Street
New Orleans, Louisiana

TOWNSEND & LEWIS
120 Broadway
New York, New York 10005

MARSH & McLENNAN, INC.
70 Pine Street
New York, New York

D'AMATO, COSTELLO & SHEA, ESQS.
116 John Street
New York, New York 10038

DOI02073

BOWER & GARDNER, ESQS.
415 Madison Avenue
New York, New York 10017

LAZONE & HARRIS, ESQS.
32 Broadway
New York, New York 10004

FIREMAN'S FUND AMERICAN INSURANCE COMPANIES
Central Bonding Office
15 Washington Street
Newark, New Jersey 07101

CARLOS M. BENITEZ, INC.
P. O. Box 147
San Juan, Puerto Rico 00902

DELGADO & ZEMEN, ESQS.
Suite 920
First Federal Building
Santurce, Puerto Rico 00909

RAFAEL L. FRANCO GARCIA, ESQ.
Ponce de Leon 1666
Suite 21 Paroda 24
Santurce, Puerto Rico

PROFESSIONAL INSURANCE COMPANY OF NEW YORK
90 Park Avenue
New York, New York 10016

CENTRAL TREATY BROKERS, INC.
175 West Jackson Boulevard
Chicago, Illinois 60604

TOWERS PERRIN FORSTER & CROSBY
Three Penn Center
Philadelphia, Pennsylvania 19102

EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY
110 Milk Street
Boston, Massachusetts 02107

STATE FIRE & CASUALTY COMPANY
123 Northeast 79th Street
Miami, Florida

REINSURERS
c/o C. V. Starr & Company
206 Sansome Street
San Francisco, California

EMPLOYERS COMMERCIAL UNION COMPANY
P. O. Box 7614
San Francisco, California

TRANSAMERICA INSURANCE COMPANY
One Maritime Plaza
San Francisco, California

SWETT & CRAWFORD
130 Sansome Street
San Francisco, California

DOI02074

LION FIRE INSURANCE COMPANY OF NEW YORK
118-21 Queens Boulevard
Forest Hills, New York

THE HANOVER INSURANCE COMPANY
Pacific Coast Regional Office
28 Geary Street
San Francisco, California 94108

AMERICAS AVIATION & MARINE INSURANCE
4471 Northwest 36th Street
Miami, Florida 33166

TRANSIT CASUALTY COMPANY
3160 West 6th Street
P. O. Box 60086
Los Angeles, California

NEW ENGLAND REINSURANCE CORPORATION
60 Battery March
Boston, Massachusetts 02110

AGWAY INSURANCE COMPANY
P. O. Box #1410
Syracuse, New York 13301

STEWART, SMITH AVIATION, INC.
116 John Street
New York, New York 10038

by depositing same in a sealed envelope with the postage thereon prepaid. Such Notice of Liquidation, Copy of Liquidation Order and Demand, addressed and stamped were deposited and mailed in a branch post office maintained by the United States Government at 73 Pine Street (Wall Street Station), Borough of Manhattan, City and State of New York.

Sworn to before me this
23rd day of August, 1972.          S/ George F. Katler

ELIZABETH F. CHERAT
NOTARY PUBLIC, State of New York
No. 43-0616636
Qualified in Richmond County
Commission Expires March 30, 1973

DOI02075



**STATE OF NEW YORK**

**INSURANCE DEPARTMENT**

LIQUIDATION BUREAU

BENJAMIN R. SCHENCK
SUPERINTENDENT OF INSURANCE

ISAAC GOLDSTEIN
SPECIAL DEPUTY SUPERINTENDENT
IN CHARGE

116 JOHN STREET, NEW YORK, N. Y. 10038

TELEPHONE: BEEKMAN 3-2200

December 23, 1971

<u>Re: Citizens Casualty Company of New York</u>

Gentlemen:

You were heretofore advised that Citizens Casualty Company of New York was placed in liquidation pursuant to an order of the New York Supreme Court dated June 14, 1971. The said order, among other things, vested the Superintendent of Insurance of the State of New York, as Liquidator, with title to all of the property, contracts and rights of action of Citizens Casualty Company of New York.

It appears from the records of Citizens Casualty Company of New York that your company at one time entered into reinsurance agreements with you as reinsurer and Citizens as the ceding company.

Notice is hereby given to you that all proceeds of reinsurance relating to the aforesaid reinsurance agreements are payable and are to be turned over to the Superintendent of Insurance of the State of New York, as Liquidator of Citizens Casualty Company of New York.

Will you please acknowledge receipt.

Very truly yours,

Isaac Goldstein
Special Deputy Superintendent of
Insurance

IG/LM

Certified
Return Receipt Requested

DOI02897

HOME OFFICE: 246 NORTH HIGH STREET • COLUMBUS, OHIO 43216



NATIONWIDE
INSURANCE

The man from Nationwide is on your side*

December 30, 1971

Mr. Isaac Goldstein
Special Deputy Superintendent
   of Insurance
New York Insurance Department
116 John Street
New York, New York  10038

                    Re:  Citizens Casualty Company
                         of New York

Dear Sir:

This will acknowledge receipt of your letter of December 23,
with reference to the above, addressed to Nationwide Mutual
Insurance Company.

This matter has been referred to the proper office within
the Company.

                    Very truly yours,

                    Lynn E. McCall
                    Vice President
                    Government Relations

LEM/bw

NATIONWIDE MUTUAL INSURANCE COMPANY
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
NATIONWIDE LIFE INSURANCE COMPANY

DOI01865

JAN-29-2003  15:31      LIQUIDATION BUREAU                           212  608 3398     P.14/28

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------x

In the Matter of

the Liquidation of

CITIZENS CASUALTY COMPANY OF NEW YORK

-------------------------------------------------------x

At a term in and for the County of
New York, at the Supreme Court
House, on the **24th** day of
**March**, 19 **98**

Present: **EDWARD J. GREENFIELD**

Index No. 40357/71 .............. Justice

ORDER DIRECTING
ENTRY OF FINAL
JUDGMENT

       Upon the affidavit of Stephen Ungar, sworn to the 6th day of February, 1998,

the Final Report on the Liquidation of Citizens Casualty Company of New York,

("Citizens") duly verified on the 6th day of February, 1998 by Richard S. Karpin,

Assistant Special Deputy Superintendent and Agent of NEIL D. LEVIN, Superintendent

of Insurance of the State of New York as Liquidator (the "Liquidator") of Citizens, and

order of this court entered January 10, 1978 approving the Liquidator's Report, Audit and

Petition filed in the office of the Clerk of New York County on October 7, 1977 and upon

due consideration, it is Ordered that:

1. The Final Report is approved;

2. The liquidator, his predecessors and successors in office, agents,
   attorneys and employees are discharged and are released from any and all
   liability arising out of this proceeding.

3. This proceeding is terminated.

4. The Clerk shall enter judgment in the form annexed hereto.

FILED

MAR 2 6 1998

COUNTY CLERK'S OFFICE
NEW YORK

ENTER,

EDWARD J. GREENFIELD

SU:cb
OrderDirFinJudg9

JAN-29-2003  15:35           212  608 3398                      97%              P.14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

In the Matter of                                    Index No. 40357/71

the Liquidation of                                  JUDGMENT

CITIZENS CASUALTY COMPANY OF NEW YORK

-----------------------------------------------------------------x

This Court having entered its Order Directing Entry of Final Judgment on the *26th*

day of *March* ,1998.

NOW, THEREFORE, it is hereby

ADJUDGED as follows:

1. The Superintendent of Insurance of the State of New York, his predecessors
   and successors in office, agents, attorneys and employees are discharged as
   Liquidator and are released from any and all liability arising out of this
   proceeding.

2. This proceeding is terminated.

Judgment entered this *9th* day of *April* , 1998.

*Norman Goodman*
_____
Clerk

SU:cb
JudgmentCitizens9

**FILED**

|APR 9  1998

COUNTY CLERK'S OFFICE
NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X

      In the Matter of        :   Index No. 40357/71

      the Liquidation of     :   <u>PETITION</u>

CITIZENS CASUALTY COMPANY OF  :
NEW YORK

                       :
------------------------------------X

TO THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

        Petitioner, Edward J. Muhl, Superintendent of
Insurance of the State of New York as Liquidator of Citizens
Casualty Company of New York (the "Liquidator") by Richard S.
Karpin, Assistant Special Deputy Superintendent of Insurance
and Agent in this proceeding respectfully petitions this
Court, pursuant to Article 74 of the New York Insurance Law,
for an order allowing certain reinsurance claims and approving
the Liquidator's plan to expedite the closing of the estate of
Citizens Casualty Company of New York ("Citizens").

<u>Background</u>

        1.  Citizens was incorporated under the laws of the
State of New York on October 11, 1928 and licensed as a stock
casualty insurer on October 24, 1928.

NAT 0001490

2.  On June 17, 1971, Citizens was placed into liquidation by order of the Supreme Court of the State of New York (the "Liquidation Order") pursuant to which the Liquidator was authorized and directed to take possession of the property and liquidate the business and affairs of Citizens and was vested with title to all property, contracts and rights of action of Citizens.  The Liquidation Order is attached hereto as Exhibit A.

3.  Pursuant to the Liquidation Order, all outstanding policy and other insurance obligations and all other contract obligations of Citizens were terminated and all other liability thereunder ceased on June 25, 1971.  The Liquidation Order directed all persons having claims against Citizens to file such claims in the liquidation proceeding by February 14, 1972.

4.  Prior to its liquidation, Citizens along with other reinsurers, participated in a reinsurance pool managed first by Agency Managers, Ltd. ("AM") and then by Agency Managers, Inc. ("AMI") hereafter referred to as the AM Pool. The AM Pool wrote coverage reinsuring casualty risks originally insured by primary insurers known as "Cedent(s)."

5.  In some cases a Cedent contracted with only one AM Pool member who acted as the fronting company.  The AM Pool

-2-

NAT 0001491

member then obtained reinsurance (generally known as "Inter
Office Reinsurance") from the other members of the AM Pool
pursuant to a written agreement with the AM Pool.  In many
instances Citizens was the fronting company initially writing
the coverage of the Cedent.  Hereinafter references to the
"Reinsurers" shall mean the AM Pool members as reinsurers of
Citizens and references to "Reinsurance Agreements" shall mean
all reinsurance agreements between Citizens and the AM Pool
and its members, including Inter Office Reinsurance.  Balances
due Citizens under Reinsurance Agreements are referred to
herein as "Reinsurance Recoverables."

6.  Various excess of loss reinsurers (the "Excess of
Loss Reinsurers") entered into excess of loss agreements (the
"Excess of Loss Agreements") whereby they reinsured the AM
Pool members for the losses assumed by the AM Pool (the
"Excess of Loss Recoverables").

7.  A pool of insurers organized and managed by B.D.
Cooke & Partners Ltd. of London, England and led by The
Dominion Insurance Company Limited (said pool hereinafter
being referred to as "B.D. Cooke Pool") reinsured the AM Pool
members for a portion of their net losses after the
application of the Excess of Loss Agreements.  The Dominion
Insurance Company, Ltd., a member of the B.D. Cooke Pool, was
also a major Cedent to the AM Pool and is the largest creditor

-3-

NAT 0001492

of Citizens. (Attached hereto as Exhibit B is a list of the companies which participated from time to time in the B.D. Cooke Pool.) The Dominion Insurance Company, Ltd. has assigned its proof of claim in the Citizen's liquidation proceeding to the B.D. Cooke Pool. Accordingly, all amounts that would be due and payable to the Dominion Insurance Company, Ltd. from Citizens shall be paid to the B.D. Cooke Pool.

8.  AMI, as successor to AM, filed a Chapter 7 petition in Bankruptcy on August 30, 1988. Thereafter, various AM Pool members, including Citizens, retained Run-Off Management, Inc. ("ROM") to administer their participation in the AM Pool. As part of its contractual obligations, ROM is billing and collecting amounts due to Citizens pursuant to the Reinsurance Agreements and Excess of Loss Agreements.

9.  The Liquidator filed a Report, Audit and Petition (the "Report") with this Court on October 7, 1977 which was approved and confirmed by order of Justice Sidney H. Asch (the "Confirming Order"). The Confirming Order attached hereto as Exhibit C, provides among other things, that

    (a)  all timely filed claims shall be deemed allowed in the amount of any settlement or compromise by the Liquidator; and

-4-

NAT 0001493

(b) all persons who had not filed claims in the liquidation proceeding on or before February 14, 1972 (the "Deferred Claims") are foreclosed from hereafter filing claims and sharing in the assets of Citizens except as late claims pursuant to Section 543(3) (now § 7432(c)) of the New York Insurance Law; and

(c) after reserving funds for administrative expenses, taxes and contingencies, the Liquidator was authorized to declare and pay one or more pro-rata dividends on all claims allowed in the Citizens Liquidation proceeding, other than those covered by Articles 330, 333, 334 of the New York Insurance Law (now Article 76).

## Liquidator's Plan

10. In order to expedite the closing of the Citizens liquidation proceeding the Liquidator recommends that:

(a) the liability of Citizens to all timely filed reinsurance creditors, except the B.D. Cooke Pool, be fixed based on the amount of paid and outstanding losses as reflected on the Liquidator's books and records as of June 30, 1994;

-5-

NAT 0001494

(b)  the reinsurance liability of Citizens to the B.D. Cooke Pool be fixed based on the B.D. Cooke Pool's paid losses as reflected on the books and records of the Liquidator as of June 30, 1994;

(c)  this Court allow the reinsurance claims listed on Exhibit D;

(d)  this Court approve the Liquidator's assignment to the B.D. Cooke Pool of the Reinsurance Agreements and Excess of Loss Agreements inclusive of Reinsurance Recoverables, Excess of Loss Recoverables and all other reinsurance due to Citizens in the manner provided for herein; and

(e)  this Court order that all other claims or potential claims against Citizens which were not received by the Liquidator and liquidated prior to June 30, 1994 be forever barred as against the Liquidator.

Each element of the Liquidator's plan will be discussed more fully below.

Fixing Citizens' Reinsurance
Liabilities and Allowance of Claims

11.  Four Thousand Seven Hundred and Eighty Nine (4,789) claims filed in the Citizens' liquidation proceeding

-6-

NAT 0001495

have been disallowed, One Hundred and Seventy One (171) have been deemed deferred, One Thousand Three Hundred and Eighty Six (1,386) have previously been allowed and Fifty One (51) are recommended for allowance herein. While the Confirming Order provided that all timely filed claims would be deemed allowed in the amount of any settlement or compromise by the Liquidator, the Liquidator has sought this Court's review and approval of all allowances. The Fifty One (51) claims that have not yet been allowed are claims arising out of the reinsurance obligations of Citizens.

12. The final determination of Citizens reinsurance liabilities will not be complete for many years. The Liquidator is required to consider claims which were incurred prior to February 14, 1972, the last date for filing claims, but reported afterward as long as a timely proof of claim has been filed. A proof of claim for reinsurance covers paid, outstanding, and incurred but not reported losses ("IBNR"). Paid losses are those where company ceding business to Citizens has already made payment. Outstanding losses are reserves for losses which have been reported but not yet resolved and IBNR are projections for losses where the incident giving rise to the loss has occurred but has not yet been reported to the insurer. It could take years to resolve the outstanding and IBNR reinsurance liabilities of Citizens.

-7-

13.  In the interest of closing the estate of Citizens and paying a dividend to creditors of at least 50% of the amount of all allowed claims, the Liquidator is recommending that the reinsurance obligations of Citizens (except to the B.D. Cooke Pool) be limited to the paid and outstanding losses reflected on the books and records of the Liquidator as of June 30, 1994.  The B.D. Cooke Pool's claim is being recommended for allowance in the amount of only the paid losses of B.D. Cooke Pool as of June 30, 1994.  No allowance shall be made to the B.D. Cooke Pool for its outstanding losses presently reflected on the books and records of the Liquidator as of June 30, 1994, in exchange for which the Liquidator shall assign to the B.D. Cooke Pool certain rights as set forth in paragraph 19 of this petition.

14.  Credit will not be given for reinsurance claims which are not reflected on the books and records of the Liquidator as of June 30, 1994.  The Liquidator does not believe that the inclusion of these claims would significantly alter any reinsurance creditor's share of Citizens' total assets since it is projected that each reinsurance creditor's losses will develop in proportion to the losses on the Liquidator's books and records as of June 30, 1994.  Thus, each creditors' proportion of Citizens total liability will not change substantially.

-8-

15.   The Liquidator believes that creditors will benefit if their reinsurance claims are fixed at this time because creditors will receive a distribution of at least 50% of the amount of their allowed claims, less any interim dividends already paid, as opposed to waiting years for a distribution.  Creditors can invest their share of the distribution as they see fit.  Additionally, if a distribution is made now, the Liquidator will not incur additional costs of administration, thus making more assets available to pay creditors.

16.   The claims listed on Exhibit D represent the reinsurance liabilities of Citizens as reflected on the books and records of the Liquidator as of June 30, 1994 which have not previously been allowed.  The Liquidator has reviewed these claims and determined that such claims are within the coverage of Citizens and that the claimants have filed timely proofs of claim.  The Liquidator recommends that the claims listed on Exhibit D be allowed.

## Fixing Citizens' Non-Reinsurance Liabilities

17.   In order to enable the Liquidator to make a distribution to creditors, all of Citizens' liabilities must be fixed.  The Liquidator proposes that, as with Citizens' reinsurance liability, Citizens' liability to non-reinsurance creditors be fixed as of June 30, 1994.  Therefore, any

-9-

NAT 0001498

creditors' claim or potential claim which was not received by the Liquidator and liquidated by June 30, 1994 shall be forever barred as against the Liquidator.

Assignment of Reinsurance and
Excess of Loss Reinsurance

18.    The Liquidator proposes that Citizens forego further collection of any Reinsurance Recoverables and Excess of Loss Recoverables to expedite distribution of Citizens' assets and termination of this proceeding.  The Liquidator believes that the potential reinsurance collections will not substantially enhance the distribution to be paid to creditors because while the amount available for distribution may increase, so will the losses which will share in the distribution.  Considering the administrative costs which will be incurred, the loss of the time value of money by creditors and the likelihood that creditors will not receive a greater percentage of their claims paid, the Liquidator recommends that the estate not be held open for the continued collection of reinsurance due Citizens.

19.    The Liquidator recommends that:

(a)    Effective upon entry of a final nonappealable order approving this Petition, all Reinsurance Recoverables

-10-

and Excess of Loss Recoverables due the Liquidator according
to his accounts as of June 30, 1994 and uncollected by ROM or
the Liquidator by June 30, 1995 shall be assigned and
transferred to the B.D. Cooke Pool.  Any Reinsurance
Recoverables due, from Citizens as an AM Pool member, to
Citizens, as a Cedent, shall not be assigned to the B.D. Cooke
Pool.

(b)  Effective upon the entry of a final
nonappealable order approving this Petition, the Reinsurance
Agreements and the Excess of Loss Agreements shall be assigned
and transferred to the B.D. Cooke Pool as from July 1, 1994,
except to the extent the Liquidator has exercised any rights
thereunder prior to the date of such order, together with all
of the rights which the Liquidator would have had thereunder
if the Citizens estate were not closed as proposed in this
Petition.  Such order shall provide that the terms of such
agreements shall remain in full force and effect, but with no
further rights, obligations or liability on the part of the
Liquidator.

(c)  Effective upon the entry of a final
nonappealable order approving the Final Audit and Accounting
of Citizens, all other reinsurance recoverables due Citizens
not arising out of business of the AM Pool together with all
reinsurance assets and rights of recovery under reinsurance
agreements of Citizens (including, without limitation on the

-11-

NAT 0001500

foregoing, those reinsurances which may not have been specifically identified as of the date of the order) shall be assigned and transferred to the B.D. Cooke Pool.

(d)  In consideration of the foregoing, the B.D. Cooke Pool has agreed to the Liquidator's valuation of its claims and agrees to forego its claim for outstanding losses which are Thirty Million Seven Hundred Twenty Two Thousand Seven Hundred Dollars ($30,722,700) as of June 30, 1994 as reflected on the Liquidator's books and records, it being understood that the B.D. Cooke Pool will assert its claims for outstanding and future losses, including, but not limited to incurred but not reported losses, against those assets, agreements and other rights being assigned to the B.D. Cooke Pool pursuant to the recommendations of the Liquidator set forth in paragraphs 19(a), (b) and (c) above.

(e)  The order approving the Petition shall also provide that the Supreme Court of the State of New York, New York County, shall have continuing jurisdiction over any disputes concerning the assignments and transfers described above and their effect, except said Court shall not resolve disputes solely involving computations of amounts due thereunder.  The Liquidator shall not be a necessary party in any such future proceeding.

-12-

NAT 0001501

## Court Approval

20.   The Liquidator respectfully requests that the Court schedule a hearing on this matter in accordance with the accompanying Order Establishing Hearing on Liquidator's Plan to Expedite Closing of Citizens Casualty Company of New York ("Order Establishing Hearing") and approve the forms of notice attached as Exhibits 1 and 2 to the Order Establishing Hearing.  Notice will be provided to all of Citizens' reinsurers, all creditors with previously allowed, deferred, or pending claims, those claimants listed on Exhibit D whose claims are recommended for allowance herein, and the shareholders of Citizens.  Notice shall be provided to the last known address on the books and records of Citizens.

21.   There has been no previous application for the relief requested herein.

WHEREFORE, the Liquidator respectfully requests that the Court issue the Order Establishing Hearing and that a hearing be scheduled sufficiently far in the future to permit the Liquidator to provide notice, and that, upon the hearing, the Court issue an order granting the relief sought in this Petition and such other relief as is appropriate.

Edward J. Muhl
Superintendent of Insurance of
the State of New York as
Liquidator of Citizens Casualty
Company of New York

By: _____
Richard S. Karpin
Assistant Special Deputy
Superintendent of Insurance

NAT 0001502

STATE OF NEW YORK )
                  : ss.:
COUNTY OF NEW YORK)

        RICHARD S. KARPIN, being duly sworn, deposes and says:

        That he has read the foregoing Verified Petition and knows the contents thereof, and that the same is true to his own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true; that the reason this petition is verified by this deponent rather than by the Superintendent of Insurance is that deponent is the duly appointed Assistant Special Deputy Superintendent of Insurance to take possession of the property of and liquidate the business of Citizens Casualty Company of New York, and as such is acquainted with the facts alleged therein.

        Deponent further says that the sources of his information and the grounds of his belief as to the matters stated in said Verified Petition to be alleged upon information and belief are records, books and papers of Citizens Casualty Company of New York in the possession of the Liquidator and communications made to deponent by employees and attorneys of the Liquidator.

                                   _____
                                   RICHARD S. KARPIN

Sworn to before me this
11th day of October, 1996

Notary
JEANETTE M. SENKO
Notary Public, State of New York
No. 31-4605508
Qualified in New York County
Commission Expires 9/30/97

1494K/JMS

-14-

NAT 0001503

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
      In the Matter of

The Liquidation of

CITIZENS CASUALTY COMPANY OF NEW YORK
-------------------------------------------------------------------x
STATE OF NEW YORK     )
                    )SS:
COUNTY OF NEW YORK  )

**AFFIDAVIT**

Index No. 40357/71

ELIE HEFFEZ, being duly sworn, deposes and says:

1. I am employed as Manager of the Reinsurance Division at the State of New York Insurance Department Liquidation Bureau.

2. I have prepared a listing attached hereto as Exhibit A of the names and last known addresses, as reflected on the books and records of Citizens Casualty Company ("Citizen"), of all the reinsures of Citizens whose claims are being recommended for allowance as part of the Plan to Expedite Closing of Citizens Casualty Company of New York. I also prepared a notice, in the form annexed hereto as Exhibit B, to all the creditors listed on Exhibit A ( the "Notice to Reinsurance Creditors").

3. I also prepared a list, attached hereto as Exhibit C, of the names and last known address as reflected on Citizens book and records reinsures of Citizens who are not included on schedule A. I prepared a Notice for mailing to each creditor on Exhibit C. A copy of the form of notice is attached hereto Exhibit D. (the "Notice").

4. All reinsures of Citizens are included on either Exhibit A or Exhibit C and therefore all reinsurance creditors were mailed either the Notice or the Notice to Reinsurance Creditors.

                                                    ELIE HEFFEZ

Sworn to before me on this 20th
day of December, 1996

_____
Notary Public

STEVE B. MAHADEO
Notary Public, State of New York
No. 24-4997743
Qualified in Kings County
Commission Expires 6/18/98

RL/nc/S

**Exhibit A**

DOI00003

## ADDRESSES FOR NOTICE
## TO REINSURANCE CREDITORS

Aetna Casualty & Surety
151 Farming Avenue
Hartford, CT  06156

Alexander Howden Group, Ltd.
Scimitar House
23 Eastern Road Ramford
Essex RM1 3NH
England

Amalgamated Mutual Casualty/
Empire Mutual Insurance Company
122 Fifth Avenue
New York, NY  10011

American Fidelity Fire Insurance Company
in Liquidation
c/o State of New York Insurance Dept.
Liquidation Bureau
123 William Street
New York, New York 10038

American Home Assurance Company
70 Pine Street
New York, New York 10270

American Reinsurance Company
555 College Road East
P.O. Box 5241
Princeton, NJ  08543-5421

American Universal Insurance. Company, Ltd.
c/o RI Insurance Dept.
Liquidation Div.
233 Richard Street
Providence, RI  02903-4233

California Compensation Insurance Company
504 Redwood Boulevard
Novato, CA  94947

Commercial Union Insurance Company
One Beacon Street
Boston, MA  02108

Cosmopolitan Mutual Insurance Company
in Liquidation
c/o State of New York Insurance Dept.
Liquidation Bureau
123 William Street
New York, New York 10038

Continental Casualty Company
CNA Plaza 33-S
Chicago, IL  60685

County-Wide Insurance Company
90 Washington Street, 4th Floor
New York, NY  10006

Crum & Foster Group
305 Madison Avenue
Morristown, NJ  07960

Delta Air Lines, Inc.
Harts Field
Atlanta International Airport
Atlanta, GA  30320
Attn:  Robert S. Harkey, Sr. VP

Electric Mutual Liability Insurance Company
c/o Coopers & Lybrand
Dorchester House
Box HM 1171
Hamilton HMEX, Bermuda

Employers Group NKA Commercial Union Insurance Company
One Beacon Street
Boston, MA  02108

Federal Insurance Company
15 Mountainview Road
Warren, NJ  07061

General Star National Ins. Company (Monarch)
120 Broadway
New York, New York 10271-0067

Great American Insurance Company
P.O. Box 2575
Cincinnati, OH  45201-2575

Hardware Mutual Casualty Company
NKA:  Sentry Insurance
1800 North Point Drive
Stevens Point, WI  54481 .

Imperial Insurance Company
c/o California Dept. of Insurance Conservation
     & Liquidation
3450 Wilshire Boulevard
Los Angeles, CA  90010

Indemnity Insurance Company of N.A.
2 Liberty Place
1601 Chestnut Street
Philadelphia, PA 19192

Independence Marine Insurance Company
235 White House Pike
West Collingswood, NJ 08107

Insurance Company of North America
1601 Chestnut Street
2 Liberty Place
Philadelphia, PA 19192

LaSalle Casualty Insurance Company
175 West Jackson Blvd.
Chicago, IL 60604

Midland Insurance Company in Liquidation
c/o State of New York Insurance Dept.
Liquidation Bureau
123 William Street
New York, New York 10038

Nationwide Insurance Company
One Nationwide Plaza
Columbus, OH 43216

New England Insurance Company/NKA New Eng Re
150 Federal Street
Boston, MA 02110

New York Mutual Underwriters
Hannover Square
Albany, New York 12205

Nordisk Re Insurance Company
23 Gronningen
Copenhagen K 1270
Denmark

Northern Assurance Company of America
One Beacon Street
Boston, MA 02108

Pacific Insurance Company-CA
4201 Wilshire Boulevard
Los Angeles, CA 90010

DOI00006

Phoenix Insurance Company
One Tower Square
Hartford, CT  06183

Queensland Insurance Company, Ltd.
c/o Mendes & Mount
750 7th Avenue
New York, New York  10019-6829

Republic Indemnity Company of America
15821 Ventura Boulevard, Suite 370
Encino, CA  91436

St. Louis Fire & Marine Insurance Company
Madellion Insurance Group
Missouri Division of Insurance
Jefferson City, MO  65102

Security Mutual Insurance Company
NKA:  Security Casualty
c/o Illinois Insurance Dept.
Office of the Special Deputy
446 East Ontario, 7th Floor
Suite 60611
Chicago, IL  60654

Stewart, Smith & Company, Inc.
c/o Mound, Cotton & Wollom
One Battery Park Plaza
New York, New York  10004-1486

The Dominion Insurance Company, Ltd.
c/o B.D. Cooke & Partners, Ltd.
52-54 Leadenhall Street
London EC3A 2AQ England

The Home Insurance Company
59 Maiden Lane
New York, New York  10038

The Travelers Indemnity Company
One Tower Square
Hartford, CT  06183

Tower Indemnity in Liquidation
2525 West Q Street
Los Angeles, California

Transport Insurance Company
4100 Harry Hines Boulevard
Dallas, TX  75219

Transportation Mutual Insurance Company
142 Berkley Street
Boston, MA  02116

Trinity Square Service Ltd. Corp.
Manager for R.W. Gibbon Pool
Pullman Place Great Western Road
Gloucester GL1 3NB
England

Tri-State Insurance Company
P.O. Box 3269
Tulsa, OK  74102

Truckmans/Statewide Insurance Company
20 Main Street
Hempstead, New York 11550

Underwriters at Lloyds
c/o Mendes & Mount
750 Seventh Avenue
New York, NY  10019-6829

United Southern Assurance Company
100 Rialto Place, Suite 600
Melbourne, FL  32901

Universal Underwriters Insurance Company
6363 College Boulevard
Overland Park, KS  66211

Wilshire Insurance Company
P.O. Box 10800
Raleigh, NC  27650

1750K

Exhibit B

DOI00009

IN THE MATTER OF THE LIQUIDATION OF
CITIZENS CASUALTY COMPANY OF NEW YORK ("Citizens")

TO: _____

Liquidator No.: _____

Amount Recommended for Allowance: _____

Net Claim: _____

NOTICE TO REINSURANCE CREDITORS

The Superintendent of Insurance of the State of New York
as Liquidator of Citizens (the "Liquidator") hereby gives you
notice that he has presented a petition to the Supreme Court of
the State of New York for the allowance of certain claims and
approval of the Liquidator's plan for the expedited closing of
Citizens (the "Petition") and that a hearing has been scheduled
for _____, 1996, at 2:00 p.m. at the Courthouse, 60
Centre Street, New York, New York, Courtroom 442.  If you wish
to object to the amount recommended for allowance of your
claim, in particular, or to the Petition, you must serve upon
the Liquidator and Clerk of the Court a written statement
setting forth your objections and all supporting documentation,
at least twenty (20) business days prior to the hearing.
Service on the Liquidator shall be made by first class mail at
the following address:

The Superintendent of Insurance of the
State of New York as Liquidator of
Citizens Casualty Company of New York
123 William Street
New York, New York  10038-3889
Attention:  Legal Operations Division

The Petition is available for inspection at the above
address.

The Plan of the Liquidator:

The Liquidator has determined that it is in the best
interest of the creditors of Citizens that the Citizens' estate
be closed and creditors be paid a dividend of at least 50% of
the amount of their allowed claims, less any interim dividends
that have already been paid.

In order to achieve this goal, the Liquidator recommends that:

(a)   the liability of Citizens to all reinsurance creditors, except the B.D. Cooke Pool, be fixed based on the amount of paid and outstanding losses as reflected on the Liquidator's books and records as of June 30, 1994;

(b)   the liability of Citizens to B.D. Cooke Pool be fixed based on the B.D. Cooke Pool's paid losses as reflected on the books and records of the Liquidator as of June 30, 1994;

(c)   the claims of the reinsurance creditors of Citizens be allowed as recommended in the Petition;

(d)   the Liquidator's assignment to the B.D. Cooke Pool of the Reinsurance Agreements and Excess of Loss Agreements inclusive of Reinsurance Recoverables, Excess of Loss Recoverables and all other reinsurance due to Citizens be approved in the manner described in the Petition; and

(e)   all other claims or potential claims against Citizens which were not received by the Liquidator and liquidated by June 30, 1994 be forever barred as against the Liquidator.

The Amount recommended for allowance is based on the gross amount of paid and outstanding losses as reflected on the books and records of the Liquidator as of June 30, 1994. Claims for all other losses arising under contracts issued by Citizens, whether already reported to Citizens or not, will be barred and discharged. The amount upon which a distribution will be based is the net amount of Citizens' liability to you after deducting amounts you owe to Citizens.

Requests for information should be directed to Elie Heffez at (212) 341-6741.

Edward J. Muhl
Superintendent of Insurance of
the State of New York as
Liquidator of Citizens Casualty
Company of New York

1742K/JMS

-2-

Exhibit C

DOI00012

## NOTICE

Allstate Insurance Company
51 West Higgins Road
South Barrington, IL  60010

American Employers Insurance Company
One Beacon Street
Boston, MA  02108

American Union Insurance Company
500 North Meridian Street
Indianapolis, IN  46204

Anglo-French Insurance Company, Ltd.
NKA:  United Friendly General Ins. Co.
Federation House
29 Linkfield Lane
Redhill Surrey RH1 1JH England

Anglo-Saxon Insurance Assoc., Ltd.
NKA:  Unione Italiano (UK) Reins.
UIR House
118-119 Fenchurch Street
London EC3M 58A, England

British Merchants Insurance Co., Ltd.
N/K/A The Dominion Ins. Co., Ltd.
52-54 Leadenhall Street
London EC3A 2AQ, England

Constitution Insurance Company
NKA: Constitution Re. Corp.
110 William Street
New York, NY  10038
Drake Insurance Company Ltd.
NKA: Sphere Drake Insurance, plc.,
52-54 Leadenhall Street
London EC3A 2BJ, England

Employers Reinsurance International
25 Gronningen, DK-1270
Copenhagen K, Denmark

English & American Insurance Co., Ltd.
Three Quays, Tower Hill
London EC3R 6DS, England

Excess Insurance Company Ltd
Excess House, 13 Fenchurch Ave.
London EC33 5BT, England

Gerling Global Ins. Co., Ltd.
522 Cornhill
London EC3V 3PH, England

Iron Trades Mutual Insurance Co. Ltd.
Iron Trades House
21/24 Grosvenor Place
London SW1X 7JA, England

Liberty Mutual Insurance Company
175 Barkeley Street
Boston, MA  02117

Lloyd's Underwriters
One Lime Street
London EC3M 7HA, England

London & Edinburgh General Ins. Co.
The Warren Worthing
West Sussex BN14 9QD, England

Minster Insurance Co., Ltd
NKA: GAN Minster Insurance Company
Minister House Arthur St.
London EC4R 9BJ, England

Orion Insurance Company, Ltd.
Orion House, 49 Monument St.
London EC3R 8BU, England

Philadelphia Reinsurance Corp.
One Commerce Square
Hartford, CT  06183

Reliance Fire & Accident Ins. Co.
Reliance House, Mount Ephraim
Turnbridge Wells
Kent TN4 8BL England

River Thames Insurance
America House
2 America Square
London EC3N 2RT, England

Royal Scottish Insurance Co., Ltd.
c/o Commercial Union Assurance Co.
St. Helens, 1 Undershaft
London EC3P 3DQ England

DOI00014

Sentry Insurance, a Mutual Co. Group
1800 North Point Drive
Stevens Point, WI  54481

Soverign Marine & General Ins. Co.
Ten Trinity Square
London EC3P 3AX England

Sphere Insurance Insurance Co., Ltd.
NKA: Sphere Drake Insurance Plc.
52-54 Leadenhall St.,
London EC3A 2BJ, England

Tower Hill Insurance Co., Ltd.
c/o Kemper Reinsurance Ltd.
40 Lime Street
London EC3M 5BS England

Transatlantic Re.
80 Pine Street
New York, NY  10005

Travelers Corp.
NKA: Travelers, Inc.
One Tower Square
Hartford, CT. 06183

United Reinsurers Ltd.
4th Floor, Fitzwilton House
Wilton Place
Dublin 2, Ireland

United Standard Insurance Co., Ltd.
Provident Way, Basingstoke,
Hants GR21 2S2, England

Urbane Fire Insurance
c/o SCOR RE
2 World Trade Center
New York, NY 10048

Vanguard Insurance Company, Ltd.
P.O. Box 660560
Dallas, Texas  75266

World Marine & General Insurance Co.
12/13 Lime St.
London EC3M 7AA England

3685K

DOI00015

Exhibit D

DOI00016

IN THE MATTER OF THE LIQUIDATION OF
CITIZENS CASUALTY COMPANY OF NEW YORK ("Citizens")


NOTICE


The Superintendent of Insurance of the State of New York as Liquidator of Citizens (the "Liquidator") hereby gives you notice that he has presented a petition to the Supreme Court of the State of New York for the allowance of certain claims and approval of the Liquidator's plan for the expedited closing of Citizens (the "Petition") and that a hearing has been scheduled for             , 1996 at 2:00 p.m. at the Courthouse, 60 Centre Street, New York, New York, Courtroom 442. If you wish to object to the Petition, you must serve upon the Liquidator and Clerk of the Court a written statement setting forth your objections and all supporting documentation, at least twenty (20) business days prior to the hearing. Service on the Liquidator shall be made by first class mail at the following address:

The Superintendent of Insurance of the State of New York as Liquidator of Citizens Casualty Company of New York
123 William Street
New York, New York  10038-3889
Attention:  Legal Operations Division

The Petition is available for inspection at the above address.

The Plan of the Liquidator:

The Liquidator has determined that it is in the best interest of the creditors of Citizens that the Citizens' estate be closed and creditors be paid a dividend of at least 50% of the amount of their allowed claims, less any interim dividends that have already been paid.

In order to achieve this goal, the Liquidator recommends that:

(a)  the liability of Citizens to all reinsurance creditors, except the B.D. Cooke Pool, be fixed based on the amount of paid and outstanding losses as reflected on the Liquidator's books and records as of June 30, 1994;

DOI00017

(b)  the liability of Citizens to the B.D. Cooke Pool be fixed based on the B.D. Cooke Pool's paid losses as reflected on the books and records of the Liquidator as of June 30, 1994;

(c)  the claims of the reinsurance creditors of Citizens be allowed as recommended in the Petition;

(d)  the Liquidator's assignment to the B.D. Cooke Pool of the Reinsurance Agreements and Excess of Loss Agreements inclusive of Reinsurance Recoverables, Excess of Loss Recoverables and all other reinsurance due to Citizens be approved in the manner described in the Petition; and

(e)  all other claims or potential claims against Citizens which were not received by the Liquidator and liquidated by June 30, 1994 be forever barred as against the Liquidator.

Requests for information should be directed to Elie Heffez at (212) 341-6741.


                              Edward J. Muhl
                              Superintendent of Insurance of
                              the State of New York as
                              Liquidator of Citizens Casualty
                              Company of New York


1552K/JMS


-2-


DOI00018



REINSURANCE DEPARTMENT • P.O. BOX 1881 • COLUMBUS, OHIO 43216
PHONE: 614 228 4711 • TELEX NATIONWIDE COLS #024620 • CABLE—NICO

The man from Nationwide is on your side

August 19, 1971

Mr. Paul Ratner
State of New York—Insurance Department
Office of Special Deputy Superintendent
116 John Street
New York, New York  10038

Re:  Citizens Casualty Company of New York
In Liquidation

Dear Paul:

During the last month, I have received a proof of claim form for
filing by our company for any amounts owed by Citizens, such as
premium, etc., under various reinsurance contracts between Citizens
and Nationwide.

You are probably aware that there was a casualty pool and an aviation
pool established by Agency Managers, and of which Citizens was a front
company.  Several weeks ago, I had written to Agency Managers and asked
them whether they would be filing proof of claim forms on our behalf
with the liquidation division.  I was informed that it would be
necessary for Nationwide to file its own claim on behalf of the pool,
and not rely upon Agency Managers.  This can be done, but feel that
your department could deny any recovery due to lack of privity based
on the nonexistence of a contract between Nationwide and Citizens
Casualty as respects pool claims and premiums.

My reason for writing to you is to get your thoughts concerning this
matter.  From your standpoint, you would prevent any dual off-sets
from being made and this could be handled even though we filed, as
well as Agency Managers.  If you feel that both of us should file,
then such could be done, or if you feel that we would have no right
as respects our filing, then advise and I will proceed to put Agency
Managers on notice that they have to file and will hold them responsible
for failure to do so.

Very truly yours,

Mike

M. E. Bogan
Director of Reinsurance Claims

MEB/dm

NATIONWIDE MUTUAL INSURANCE COMPANY
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
NATIONWIDE LIFE INSURANCE COMPANY
HOME OFFICE: COLUMBUS, OHIO

DOI10932

January 31, 1972

REGISTERED MAIL -
RETURN RECEIPT REQUESTED

Mr. James W. Dowling,
Special Deputy Superintendent of Insurance
State of New York Insurance Department
Liquidation Bureau
116 John Street
New York, New York 10038

Re:  Citizens Casualty Company in Liquidation

Dear Mr. Dowling:

        Please find enclosed a completed Proof of Claim form with
attached exhibits being filed on behalf of Agency Managers Ltd. and all
others who may have claims against Citizens Casualty Company of New
York as a result of having done business through Agency Managers Ltd.

        We would appreciate having your acknowledgment that you
received these documents.

                        Yours sincerely,

HAB:VR                          Henry A. Boczek
Enclosures

DOI15100



DOI15101

State of New York——Insurance Department

OFFICE OF SPECIAL DEPUTY SUPERINTENDENT

116 John Street, New York, N. Y. 10038

Liq. Claim No._____

Policy No._____

Co. Claim No._____

In the matter of the CITIZENS CASUALTY COMPANY OF NEW YORK

Proof of Claim

Please follow the instructions on Page 3 hereof.

Give in following space a concise statement of the facts constituting the claim.

Claim is made for all proceeds due from CITIZENS CASUALTY COMPANY OF NEW YORK (hereinafter called "Citizens") arising from or in connection with any and all insurance and reinsurance transactions of any kind and nature, involving participating Companies, Insurers, Reinsurers, Reinsureds and Underwriters for whom AGENCY MANAGERS LIMITED (hereinafter called "Agency") acts as Manager, authorized representative, or in whatever capacity, by reason of or in the course of the operations of AGENCY from inception of its relationship with all parties, including any and all claims and losses of any kind whatsoever, whether or not reported, known or unknown, but incurred; also including premiums, commissions, fees, charges and any and all other compensation of any kind and nature, whether vested, contingent or otherwise, in known or unknown amounts; the above to include all incurred but unreported items of any kind, on behalf of AGENCY, all Insurers, Reinsurers, Reinsureds, Underwriters and Companies, intermediaries, agent and representatives, whether or not herein described by name, acting for themselves or as representatives of others; the above relates to all treaties, contracts, agreements and arrangements of whatever kind or nature, oral or in writing.

It is intended and contemplated that this claim include and embrace all items and matters above described, whether or not reported, but which have resulted or may result in liability or responsibility, in which CITIZENS has participated, either directly or indirectly.

(Continuation on Page 2)                    ~~Total Amount of Claim $~~

| | |
|---|---|
| Abrams & Martin | Agency Managers Ltd. |
| *Attorney for claimant, if any, sign on line* | *Claimant's Name — Please Print* |
| 92 Fulton Street | Henry A. Boczek, Vice Chairman & Treas. |
| *Street Number* | *Name of Officer of Corporation and Title* |
| New York, N. Y. 10038 | 13 5560511 |
| *City and State* | ~~Social Security Number~~ Employer Identification Number |
| | 127 John Street |
| | *Street Number* |
| | New York, New York 10038 |
| | *City and State* |

The undersigned subscribes and affirms as true under the penalties of perjury as follows: that he has read the foregoing proof of claim and knows the contents thereof; that the said claim of   UNSTATED           DOLLARS ($ UNSTATED) against CITIZENS CASUALTY COMPANY OF NEW YORK is true of his own knowledge except as to matters therein stated to be alleged upon information and belief and as to those matters he believes it to be true; that no payment of or on account of the aforesaid claim has been made except as above stated; that there are no offsets or counterclaims thereto; that claimant is not a secured creditor or claimant and has no security except as above stated.

Dated:

Agency Managers Ltd.

*Claimant sign on line*

BY _____

*Officer of Corporation*

Vice Chairman & Treasurer

DOI15102

Page 2 to be attached to PROOF OF CLAIM submitted to the State of New York
Insurance Department
In the matter of the CITIZENS CASUALTY COMPANY OF NEW YORK

Claimant's Name:              Agency Managers Ltd.
Employer Identification No:   13 5560511
Address:                      127 John St., New York, N. Y. 10038

---

It is also intended and contemplated that this claim include and embrace
filing of claim for each of the companies and parties listed in separate letters
dated July 23, 1971 to the Superintendent of Insurance, Liquidation Bureau,
in respect of AGENCY'S operation as Casualty and Aviation Reinsurance
Managers and Underwriters of the Casualty and Aviation Pools, as explained
in the letters referred to above. It is not known whether the companies listed
filed separate Proofs of Claim. This filing therefore includes those that did
not file Proofs of Claim or any company inadvertently omitted from the list
of names referred to in the above mentioned letters or those omitted that may
have claims in the future. Annexed hereto are photostatic copies of such
letters with attached lists, more particularly a letter from Richard H. Jones,
President, to Harry Holliner, Controller, New York Liquidation Bureau, dated
July 23, 1971 in reference to the Casualty Pool, copy of which is hereto
annexed marked Exhibit A, and a letter from Richard H. Jones, President, to
Harry Holliner, Controller, New York Liquidation Bureau, dated July 23, 1971
in reference to the Aviation Pool, a copy of which is hereto annexed marked
Exhibit B, and a letter dated January 24, 1972 from Henry A. Boczek, Vice
Chairman, to Maxwell Sagat of the New York Liquidation Bureau adding to
lists attached to Exhibit A and B, a copy of which is hereto annexed marked
Exhibit C.

If documentary evidence, such as treaties or contracts, shall be required
in consideration of this claim, or any amendments to it, they will be furnished
upon request, since they are too voluminous to annex to this Proof of Claim.

Since the amount or amounts of any claim are not at this time known to
AGENCY, the total amount of the claim or claims cannot now be stated and
right is reserved to furnish more pertinent information in connection with the
above when the same is available, however, to assist the Liquidator, attached
are Exhibit D:
    Summary of Pertinent Figures Re Involvement of Citizens Casualty
Company of New York in Agency Managers Ltd.'s Casualty and Aviation Pools
as at December 31, 1971 and Supporting IBM Tabulations, and
    Exhibit E:
    Casualty and Aviation Pool Accounts for Fourth Quarter 1971 and a
schedule showing a "Summary of Balances" as at December 31, 1971,
which are reflective of the accounts at this time. It is to be kept in mind that
periodic statements reflecting the accounts have been rendered and unless
otherwise advised by the Liquidator shall continue to be rendered, as in the
past.

                                    Total Amount of Claim:        $UNSTATED.

DOI15103

52-54 LEADENHALL STREET LONDON EC3A 2AQ  TELEPHONE 071 181 8929  TELEX 883067 DOMINS G DX 610 CITY  FAX 071 488 5029
on behalf of



# DOMINION

INSURANCE COMPANY LIMITED

John Tafuro Esq
Director, Reinsurance Department
State of New York Insurance Department
Liquidation Bureau
123 Williams Street
New York
NEW YORK 10038-3889
USA


4th October 1993


Dear Mr Tafuro

Citizens Casualty Company of New York

I write further to the discussions held in your offices on 14th September
regarding the possibility of vesting Citizens' reinsurance assets to the
benefit of Dominion.

Dominion has large amounts of outstanding claims and IBNR reserves
reinsured by Citizens and these would enable Citizens to trigger
substantial reinsurance recoveries. The proposal to vest in Dominion the
benefit of Citizens' reinsurance programme allows Dominion to acquiesce to
the closure to the rest of the Citizens Estate. This is because Dominion
will not then be subject to the prejudicial and discriminatory effect of
an early closure of the Citizens Estate (which would have an unacceptably
favourable effect on the London based Excess of Loss Reinsurers).

Overall, we appear to have developed an outline which will allow the
Bureau to move substantially towards its goal of closing the Citizens
Estate, without prejudicing Dominion's future claims. This can be
achieved if Dominion is allowed to take Citizens' reinsurance assets in
respect of claims which have not yet been paid. It is important that we
both have a clear view of what we are trying to achieve and, as far as
possible, how we will get there. Accordingly, this letter attempts to set
down my understanding of the proposals we discussed.

The issues before us should be split into 4 segments:-

i)      Other Cedants and the effect of their claims on Citizens'
        Reinsurers.

ii)     Dominion losses which have been paid.

iii)    Dividend levels achievable by the Estate.

iv)     Dominion losses which are unpaid.


REGISTERED IN ENGLAND NO. 45129 REGISTERED OFFICE  52-54 LEADENHALL STREET LONDON EC3A 2AQ
A MEMBER OF THE FONDIARIA GROUP

BDC 01152

1.    Other Cedants

You will finalise the claims of all Cedants other than Dominion. We must achieve a situation, perhaps by an Order of the Court, that no further claims against the Estate can be made, other than by Dominion. (At this stage, I would remind you that Dominion is acting on behalf of a Pool, which ceded to Citizens from 1951 until 1960 in the names of the individual Pool Members. Thereafter, Dominion fronted for the others. It is my intention that the other Pool Members should be included with Dominion in this arrangement).

Finalisation of claims with other Cedants will be at a payment level commensurate with the level of dividend which the Estate will be able to sustain.

2.    Dominion Losses already paid

Dominion losses which have already been paid and accepted within the Citizens liquidated Estate, by virtue of their inclusion in ROM billings, will be admitted for dividend at the rate used for the Estate as a whole.

3.    Dividend Level achievable by the Estate

We examined the current status of the Estate and concluded that a dividend rate of 70+% could be achievable. The figures were as follows:-

| Liabilities | $000 |
|---|---|
| Gross amounts - Dividend already paid | 20,362 |
| Reinsurance Balances Payable | 16,437 |
| Reinsurance Claims Reserve - Gross | 21,258 |
| Claim Reserve - NY | 260 |
| Expense Reserve - NY | 172 |
| Other Liabilities | 261 |
| | 58,750 |

| Assets | | |
|---|---|---|
| Dividend already paid | | 10,181 |
| Free Cash & Bonds | | 10,418 |
| Other Cash & Funds | | 206 |
| Reinsurance Recoverable - Paid Losses | 12,803 | |
| - Outstanding Claims | 17,828 | |
| Less: Reserve for Uncollectable Reinsurance | (10,000) | 20,631 |
| Other Assets | | 13 |
| | | 41,449 |

There are a number of caveats and comments which need to be made in respect of the above:-

i)    If the non-recoverable reinsurance was increased to $15m, the dividend would reduce to 62%; demonstrating the importance of collecting from reinsurers.

- 2 -

BDC 01153

ii)   If $10m of assets were available to offset, and assuming $10m of uncollectable reinsurance, then the dividend would reduce from 70% to 64%.

iii)  The analysis shows a liability of $16,437k, being reinsurance balances payable. It was estimated that roughly 80% of this amount is due to Dominion.

iv)   The analysis shows a liability for outstanding reinsurance claims of $21,258k. We did not discuss the effect of any Dominion claims within this figure, nor the effect on reinsurance recoverable (most of which would be excess of loss on Dominion claims).

v)    The analysis shows an asset of $17,828k being reinsurance recoverable on outstanding claims. The amount included therein as recoverable from Excess of Loss Reinsurers may be problematic as it in my experience that it can be extremely difficult to persuade them to make payment in respect of outstanding claims. Perhaps the Bureau would have more success in this area?

4.    <u>Dominion Losses which are unpaid</u>

4.1   The twin keys to this overall proposal are:-

a)  In order that we can temporarily withdraw Dominion's outstanding loss reserves and IBNR from the Estate, thereby allowing settlement with current creditors at an enhanced dividend rate, we must be assured of future recoveries from Citizens' Reinsurers. It is absolutely crucial to the continuation of this proposal that the appropriate legal framework be established so that Reinsurers can be compelled to honour valid claims made against them.

b)  I have been informed that it is essential that the Bureau satisfies itself that Dominion would not obtain advantage, compared with other creditors, from this proposal.

With regard to point a) above, when we met I was accompanied by Andrew Davis, of Davis and Davis, who are Dominion's General Counsel in the USA. It was agreed that representatives of the Bureau would liaise with Mr Davis with regard to establishing the appropriate legal framework to facilitate this proposal.

With regard to point b), we have developed a computer system here in London which replicates Citizens' underwriting and reinsurance programmes. As you are aware, Dominion undertakes a policy by policy IBNR procedure in respect of Asbestos losses. Accordingly, it has been possible for us to calculate precise cessions to Citizens on our IBNR and, by running these through the new computer system, we have been able to model this data to obtain details of how much money would be recoverable from each Reinsurer, plus Citizens own retained amount. Similar data exists within ROM in respect of outstanding losses and Mr Buscieti of ROM has run an equivalent report for me. Thus, we have been able to gain an overall picture of future recoverable amounts from Citizens' Reinsurers. (By comparing our IBNR data with the outstanding loss information produced by ROM, we were also able to cross check the workings of our own clone system).

- 3 -

BDC 01154

4.2  The data output from the systems has been consolidated to show the total recoverable from reinsurers, as follows.

| | $000 | $000 | See Note |
|---|---|---|---|
| Gross Outstanding/IBNR Losses | | 43,985 | 1 |
| Recoverable from:- | | | |
| Inter Office Reinsurers | 19,148 | | 2 |
| Quota Share Reinsurers (Dominion) | 5,743 | | |
| Excess of Loss Reinsurers | 12,749 | 37,640 | 3 |
| Retention by Citizens | | 6,345 | |

Notes:-

4.2.1  This number is made up of Outstanding Losses of $24,587k and IBNR of $19,398k.

4.2.2  The analysis of Inter Office reinsurance is as follows:-

| | $000 |
|---|---|
| American Home | 10 |
| Commercial Union | 8,080 |
| Constitution Re | 846 |
| Cosmopolitan | 2,672 |
| Great American | 2,449 |
| Nationwide | 2,435 |
| Nordisk | 1,928 |
| | 19,148 |

You should note that Cosmopolitan is in liquidation. I have reviewed "Bests" and find that all of the American companies are classified as "A" or better. I have yet to satisfy myself of Nordisk.

4.2.3  Excess of Loss reinsurers can be analysed as follows:-

| | | $000 |
|---|---|---|
| a | Lloyds | 10,759 |
| b | Acceptable Companies | 882 |
| c | Unknown Companies | 74 |
| d | Companies in run-off | 868 |
| e | Companies in Liquidation | 166 |
| | | 12,749 |

4.2.3.1  It can be seen that Lloyds represents 84% of the total and it is therefore crucial to this proposal that they can be compelled to pay.

4.2.3.2  The figure for Acceptable Companies of $882k includes $808k in respect of Dominion and other members of the B D Cooke Pool. The largest component of the remainder is Gerling, from whom it can be extremely difficult to extract money.

- 4 -

BDC 01155

4.2.3.3    The Unknown Companies component is small, but is being researched via Mr Buscioti.

4.2.3.4    Companies in run-off worry me intensely.  We are looking here at a proposal under which we envisage making collections from reinsurers for two decades. Given their involvement in US Casualty reinsurance, and not just limited to this treaty, I expect most of them to fold, probably sooner rather than later. Additionally, it tends to be significantly more difficult to obtain payment from companies in run-off.

4.2.3.5    The company in liquidation is English and American Insurance Company.  Until 1991, they were active players in the London Market.  They went into run-off in 1992 and into liquidation in 1993 – amply illustrating my concerns over the companies who are in run-off.

4.3    At a headline level, it first looks as if a dividend of 85% is obtainable ($37,640k + $43,985k).  This level is patently not achievable as it assumes full recoverability of all reinsurance, which cannot happen because of failed reinsurers.

There are a number of other issues which must also be taken into account when attempting to assess the effective dividend rate which Dominion could receive.

4.3.1    Currently the costs involved in administering the claims and collecting the reinsurance are met by the Estate.  Under this proposal it is assumed that Dominion will bear those costs, thereby reducing the effective recovery.  I have included a provision of $2m in the analysis below in respect of those costs.

4.3.2    Creditors obtaining dividend receive their money now.  Under this proposal we will receive settlements from reinsurers over an extended period.  It is appropriate to recognise the time value of money, and a discount factor of 20% has been applied to future recoveries (recognising the fact that although short term interest rates are low, yields in the medium term range are 5+%).

4.3.3    Returning to recoverability from reinsurers, it must be recognised that they are becoming extremely proficient at finding reasons not to pay claims.  At a minimum this results in cost and delay in resolving problems; often collections have to be compromised (discounted) to achieve a settlement.

Given that the greatest part of reinsurance is collectable from Lloyds, their specific situation must also be considered.  They are progressively moving towards centralised handling of old US Casualty claims, first by setting up the Specialist Claims Unit and later by establishing a reinsurer (NewCo) to reinsure these "old year problems".  One of the aims of the Specialist Claims Unit is to achieve "more economical" settlements on old year

- 5 -

BDC 01156

*claims.* This can only imply that they hope to become more proficient in finding ways of reducing the amount they have to pay out.

This factor, allied to the anticipated problems from reinsurers in run-off, indicates that we should reduce the expected income from reinsurers. Accordingly, in the analysis below, $5m has been deducted from the expected value of reinsurance recoverable.

4.4   The value of the future reinsurance recoveries, net of the elements discussed above, is as follows:-

| | | | | |
|---|---|---|---|---|
| $millions | | | | |
| Gross Losses | | | | 43.9 |
| | | | | |
| Recoverable from Reinsurers: | | | | |
| Inter office | | | 19.1 | |
| Excess of Loss | | | 12.8 | |
| | | | 31.9 | |
| | | | | |
| Less: | Liquidated Reinsurers | | | |
| | Cosmopolitan | 2.7 | | |
| | English & American | .2 | (2.9) | |
| | | | 29.0 | |
| | | | | |
| | Uncertain Recoveries | | | |
| | Run-off, disputes etc) | | (5.0) | |
| | | | 24.0 | |
| | | | | |
| | Time Value of Money | | (4.8) | |
| | | | 19.2 | |
| | | | | |
| | Expenses | | (2.0) | |
| | | | 17.2 | |
| | | | | |
| Add: | Recoverables from Quota Share | | | |
| | (Dominion & Pool) | | 5.7 | |
| | | | | |
| | Total Recoverable | | 22.9 = | 52% |

(Note: The above ignores the application of offset, it is moot that the above could be presented:

| | | |
|---|---|---|
| Gross Losses | | 43.9 |
| Deduct Quota Share | | 5.7 |
| | | 38.2 |
| | | |
| Recoverable | 17.2 = | 45%) |

It can be seen from the above that the value of vesting the reinsurance programme does not create a preferential situation in favour of Dominion.

- 6 -

BDC 01157

5.    Conclusion

We appear to be developing the proposal along lines which should be compatible with the aims of both parties. Ultimate success can only be achieved if we can develop a legal framework which will allow Dominion to enforce the contracts of reinsurance against Citizens' retrocessionnaires. Therefore, we are reliant on our respective legal advisers to carry this forward with us.

I hope to see you in December to discuss this further.  Please note that I plan to be in New York during the week commencing Monday 6th December.  We can meet on any day except the Wednesday.

Yours sincerely

S I. McCann
Vice Chairman

- 7 -

BDC 01158



**Salvatore R. Curiale**
Superintendent of Insurance

**Kevin Foley**
Deputy Superintendent of Insurance

### STATE OF NEW YORK
### INSURANCE DEPARTMENT
### LIQUIDATION BUREAU

123 William Street
New York, NY 10038-3889
(212) 341-6400

Facsimile (212) 964-7963

January 28, 1994

Mr. Stephen L. McCann
Vice Chairman
Dominion Insurance Company, Ltd.
BD Cooke & Partners, Ltd.
52-54 Leadenhall Street
London EC3A 2AQ

    Re:  Citizens Casualty of New York in Liquidation

Dear Mr. McCann:

We have reviewed your proposal concerning Citizens Casualty Company.

We feel it is a feasible solution to our problems in the Citizen Casualty estate.  Except, it was determined that in order to finalize our plan, Dominion U.K. would have to take a dividend of approximately 25% on their claim of $9,801,337.  If there are additional reinsurance recoverables the percentage could be higher. Of course, in addition to the 25% all future reinsurance recoverables on billings after 3/31/92 would be assigned over to Dominion U.K. as we had discussed.

Please advise us of your decision as soon as possible.

                Very truly yours,

                John Tafuro, Director
                Reinsurance Department

JT:ab
c:    F. Bliss
      E. Heffez
      S. Gioe
7009R

**BDC 01141**

52-54 LEADENHALL STREET LONDON EC3A 2AQ   TELEPHONE 071 481 8972   TELEX 8954670 DOMINS G DX 610 CITY   FAX 071 488 4629

on behalf of



# DOMINION

INSURANCE COMPANY LIMITED

**FILE COPY**

John Tafuro Esq
Director, Reinsurance Department
State of New York Insurance Department
Liquidation Bureau
123 William Street
NEW YORK, NY 10038 - 3889
USA


8 February, 1994


Dear Mr Tafuro

**Citizens Casualty Company of New York**

I write further to your letter of 28th January 1994, itself being a follow up to my letter of 4th October 1993.

During our meeting in New York on 14th September 1993, we reviewed the principal component figures making up the assets and liabilities of the Citizens Estate. At that stage, it appeared that a payout in the region of 70% could be achievable (as reiterated in paragraph 3 on page 2 of my letter). I believe neither of us felt that to be a likely achievement, with 50-60% being more likely.

Now you are suggesting 25%.

Presumably this means that you have changed your assumptions as, in the absence of any major inaccuracy in the figures reviewed by ourselves, I could not imagine that the outstanding liabilities could increase by the amounts necessary to reduce the payout to 25%. Given that your letter gives no indication as to the reason that you are now suggesting a 25% payout on Dominion's claims, I have inadequate information in my possession to make a decision.

I shall be in New York for most of week commencing Monday, 28th February. I believe it to be important that we meet to discuss this matter. I'll ring later in the week.

Yours sincerely



S L McCann
Vice Chairman

**BDC 01140**

REGISTERED IN ENGLAND NO. 451793 REGISTERED OFFICE 52-54 LEADENHALL STREET LONDON EC3A 2AQ
A MEMBER OF THE FONDIARIA GROUP



**STATE OF NEW YORK
INSURANCE DEPARTMENT
LIQUIDATION BUREAU**

123 William Street
New York, NY 10038-3889
(212) 341-6400
Facsimile (212) 964-7963

Salvatore R. Curiale
Superintendent of Insurance

Kevin Foley
Deputy Superintendent of Insurance

February 18, 1994

Mr. Steve L. McCann
Vice Chairman
Dominion Insurance Company, Ltd.
52-54 Leadenhall Street
London EC3A 2AQ

Re:  Citizens Casualty Company of New York
     In Liquidation

Dear Mr. McCann:

After further review of the books and records of Citizens Casualty
it is our opinion that we will be able to go through with the plan
and pay you a dividend of 50%.

The differences from our January 21, 1994 letter and now include
additional reinsurance collections and further review of outstanding
liabilities.

If you are in agreement with our dividend payment I can continue
meeting with our legal staff to expedit this matter.

Very truly yours,

John Tafuro, Director
Reinsurance Department

JT:ab
c:  Elie Hoffez
7135R

BDC 01139

···END···

52-54 LEADENHALL STREET LONDON EC3A 2AQ  TELEPHONE 071 488 8929  TELEX 8950170/DOMINS G) DX 616 CITY  FAX 071 488 4679
on behalf of

 

INSURANCE COMPANY LIMITED

John Tafuro Esq
Director, Reinsurance Department
State of New York, Insurance Department
Liquidation Bureau
123 William Street
New York, NY 10038-3889
USA


24 February 1994


Dear Mr Tafuro

**Citizens Casualty Company of New York**

I write further to your letter of 18th February.

This appears to put our discussions firmly back on track.  I am pleased that your review has shown that a dividend level of 50% is achievable.  This is acceptable to us;  with the only reservation being that the 50% dividend to ourselves is not significantly different to the dividend level to other creditors.

I look forward to meeting with you, as agreed, at 3.00 p.m. on Wednesday 2nd March.  We did not discuss a venue; unless I hear to the contrary I will turn up at your offices for that meeting accompanied, as usual, by Andy Davis.  Please note that I shall not be arriving in New York city until the evening of Monday 28th February.  I can be contacted at ROM on Tuesday if you need to speak to me in advance of our meeting.

Yours sincerely

*Steve McCann*

S L McCann
Vice Chairman




**BDC 01138**


REGISTERED IN ENGLAND NO 451793 REGISTERED OFFICE  52-54 LEADENHALL STREET LONDON EC3A 2AQ
A MEMBER OF THE FONDIARIA GROUP

3. 6.1997   15:29        P. 2

At IAS Part 4 of the Supreme
Court of the State of New York,
County of New York at the
Courthouse thereof, located at
60 Centre Street, on the 11 6th
day of February, 1997
March

P R E S E N T :

       HON. EDWARD GREENFIELD

              J.S.C.

- - - - - - - - - - - - - - - - - - - - - - - - - X

In the Matter of

the Liquidation of

CITIZENS CASUALTY COMPANY
OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - X

CORRECTED
ORDER

Index No. 40357/71

FILED     FILED

FEB 18 1997     FEB 8 1997

Upon reading and filing the Petition (the "Petition") of Edward J. Muhl,
predecessor to Gregory V. Serio, Acting Superintendent of Insurance of the
State of New York as Liquidator of Citizens Casualty Company of New York
("Citizens") for approval of the plan to expedite the closing of Citizens (the
"Plan"); the Order of this Court dated December 10, 1996 directing the form and
method of notice of the Petition on all the shareholders of Citizens and creditors
with allowed, deferred and pending claims and all of the reinsurers of Citizens by
mailing to the last known address on the books and records of Citizens; the
affidavits of service of Elie Heffez, Jeffrey Naimoli, Robert C. O'Loughlin, Jr. and

BDC 00771

Burton Garrick, each sworn to December 20, 1996; the affidavit of Robyn A.
Luchs In Further Support of the Petition for the Approval of the Liquidator's Plan
to Expedite the Closing of Citizens sworn to February 10, 1997 (the "Affidavit in
Further Support"); and the objection to the Plan filed by Stewart Smith East, Inc.;
and upon due consideration:

IT IS ORDERED THAT:

1.    The Petition is granted;

2.    The Plan is approved;

3.    In accordance with the Plan:

a) the liability to Citizens of all reinsurance creditors except,
B.D. Cooke and Partners, Ltd. of London (the "B.D. Cooke Pool"), is fixed
based on the amount of paid and outstanding losses as reflected on the
Liquidator's books and records as of June 30, 1994;

b) the liability of Citizens to the B.D. Cooke Pool is fixed based
on the B.D. Cooke Pool's paid losses as reflected on the books and
records of the Liquidator as of June 30, 1994;

c) the claims of the reinsurance creditors of Citizens are allowed
as recommended in the Petition and as modified by the Affidavit in Further
Support;

d) the Liquidator's assignment to the B.D. Cooke Pool of the
reinsurance due to Citizens is approved in the manner described in the
Petition;

BDC 00772

M　NYS LIQUIDATION BUR.

3. 6.1997　15:31　　　　　　　　　P. 4

e) all other claims or potential claims against Citizens which were not received by the Liquidator and liquidated by June 30, 1994 are forever barred as against the Liquidiator.

4. The Liquidator is authorized to take further actions which he, in his discretion, deems advisable for the protection of creditors and for the termination of the Citizens proceeding.

ENTER

EDWARD J. GREENFIELD

OrdCitiz

FILED

FEB 1 8 1997

COUNTY CLERK'S OFFICE
NEW YORK

BDC 00773

ASSIGNMENT

FOR VALUE RECEIVED, Neil D. Levin, Superintendent of
Insurance of the State of New York, as Liquidator of Citizens
Casualty Company of New York, by Richard S. Karpin, Assistant
Special Deputy Superintendent of Insurance ("Assignor"), with
offices at 123 William Street, New York, New York 10038, hereby
assigns to B.D. Cooke & Partners Limited ("Assignee"), a
corporation organized and existing under the laws of the United
Kingdom, with offices at 2 Knoll Rise, Orpington, Kent BR6 ONX,
England, on behalf of the B.D. Cooke Pool, all of its right,
title and interest in and to the following:

(a)   All Reinsurance Recoverables and Excess of Loss
      Recoverables due Assignor according to his
      accounts as of June 30, 1994 and uncollected by
      Assignor or for Assignor's account by June 30,
      1995; notwithstanding the foregoing, any
      Reinsurance Recoverables due from Citizens as
      an AM Pool member to Citizens as a Cedent are
      not being assigned hereunder.

(b)   All Reinsurance Agreements and Excess of Loss
      Agreements running in favor of Citizens or the
      Liquidator of Citizens effective as from July 1,
      1994 except to the extent that Assignor has

**BDC 00767**

exercised any rights thereunder prior to February
11, 1997, together with all of the rights which
Assignor would have had under such agreements if
the Citizens estate were not closed pursuant to
Assignor's Plan for the closing of the Citizens'
liquidation.

(c)  Effective upon the entry of a final nonappealable
order approving the Final Audit and Accounting of
Citizens, all other reinsurance recoverables due
Citizens not arising out of the business of the
AM Pool, together with all reinsurance assets
and rights of recovery under reinsurance
agreements of Citizens (including, without
limitation on the foregoing, those reinsurances
which may not have been specifically identified
as of February 11, 1997).

Assignee is authorized to receive any and all payments,
property, debts, assets, contract rights and choses in action
derived from the subject matter of this assignment and belonging
to Assignor and to give acquittances and discharges therefore
and to execute, acknowledge and deliver all receipts and
releases customary, necessary or proper as assignee of Citizens
or in its own name.

-2-

BDC 00768

This assignment is authorized by and subject to the Order of the Honorable Edward Greenfield, Justice of the Supreme Court, New York County, dated February 11, 1997 (Index No. 40357/71) as corrected March 6, 1997. The meaning of the terms and provisions of this assignment shall have the same meaning as contained in the Petition and Plan set forth in the petition verified on October 11, 1996.

This assignment is and shall be without recourse to Assignor in any and all events.

Dated: New York, New York
       June 25, 1997

> NEIL D. LEVIN, Superintendent of
> Insurance of the State of New York,
> as Liquidator of Citizens Casualty
> Company of New York
>
> By: _____
>        RICHARD S. KARPIN,
>
> Assistant Special Deputy
> Superintendent of Insurance

-3-

BDC 00769

STATE OF NEW YORK    )
                     :  ss.:
COUNTY OF NEW YORK   )


On the 25th day of June, 1997, before me personally came RICHARD S. KARPIN, to me known, who, being by me duly sworn, did depose and say that he is the duly appointed Assistant Special Deputy Superintendent of Insurance to take possession of the property of and liquidate the business of Citizens Casualty Company of New York and that he signed his name to the within Assignment pursuant to authority granted him by the Acting Superintendent of Insurance.

_____
              Notary Public

ANN M. KELLER
Notary Public, State of New York
No. 01KE5032692
Qualified in New York County
Commission Expires August 29, 1998

-4-

BDC 00770