UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

B.D. COOKE & PARTNERS LIMITED, as Assignee of Citizens Casualty Company of New York (in liquidation),

                Plaintiff,

- against -

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,

                Defendant.

08 Civ. 3435 (RJH)

**MEMORANDUM OPINION AND ORDER**

------

Richard J. Holwell, District Judge:

      By order dated March 31, 2009, this Court granted defendant's motion to compel arbitration. On April 5, plaintiff filed a motion for reconsideration. Soon thereafter, plaintiff proposed that the parties exchange names of arbitrators and begin to move forward with arbitration. The defendant demurred, on the ground that it would be more economical to halt arbitration pending the determination of a motion for reconsideration that could render any ongoing arbitration proceedings *functus officio*. Defendant's motion to stay arbitration followed.

      The classic statement of courts' general power to stay proceedings, which Justice Cardozo articulated in *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936), holds that the power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Decisions about whether to grant a stay must "weigh competing interests and maintain an even balance." *Id.*

1

Neither party cites precedent on all fours with this case, but a somewhat analogous context is where a stay of arbitration is requested pending appeal of a court's order compelling arbitration. In such circumstances, motions to stay arbitration are usually denied unless the equities tip decisively in the direction of a stay. *See Woodlawn Cemetery v. Local 365, Cemetery Workers and Greens Attendants Union*, No. 90-6071, 1990 WL 150472, at *3 (S.D.N.Y. 1990) ("[c]ourts typically decline to stay arbitration where the district court grants a union's motion to compel arbitration and the employer seeks to stay the arbitration pending appeal of the district court's order").

Good grounds for a stay do exist when irreparable harm or clear hardship would otherwise result. But "mere opportunity costs or out-of-pocket expenses associated with an order to arbitrate"—that is, the costs of making the party opposed to arbitration litigate in a "forum not of his choosing"—are not enough. *Id.* Nor is it enough of a harm simply to say that expenses incurred in arbitration might turn out to be unnecessary expenses— where, for example, an appeals court reverses a district court's order compelling arbitration and voids previous arbitration proceedings. Otherwise, a stay would be justified in every single case, because in every case, the possibility of such a reversal exists. *See Graphic Comm'cns Union, Chicago Paper Handlers' & Electrotypers' Local No. 2. v. Chicago Tribune Co.*, 779 F.2d 13, 15 (7th Cir. 1986).

The same logic applies here. The only concrete harm the defendant suggests it will suffer should the Court refuse to stay arbitration is the harm of unnecessary expenses. That harm is not enough to overcome the plaintiff's interest in moving forward to resolve this dispute, even if the forum is not the one plaintiff wished for.

This Court has issued a decision compelling arbitration. Given its finding that "a valid arbitration agreement exists and the specific dispute falls within the substance and scope of that agreement," *see Smith, Barney, Harris Upham & Co., Inc. v. Robinson*, 12 F.3d 515, 520 (5th Cir. 1994), and given the fact that the defendant has demonstrated no harm other than the possibility of unnecessary costs—a possibility that exists in every such case—this Court finds that a stay of arbitration is not justified.

The plaintiff, in addition to opposing the defendant's motion for a stay, also asks the Court to impose the costs plaintiff incurred in opposing the motion. The Court declines to find, however, that the defendant's motion was brought in bad faith, in part because it views the question whether to grant a stay as a closer one than plaintiff seems to. Keeping in mind the plaintiff's own vocal hope that the dispute will ultimately be resolved in this Court rather than through arbitration, the Court does not believe that the balance of equities tips markedly in either direction, and it does not believe that the defendant's motion was frivolous or "futile." Accordingly, plaintiff will not be awarded costs.

Defendant's motion **[36]** is DENIED.

SO ORDERED.

Dated: New York, New York
November 19, 2009

_____
Richard J. Holwell
United States District Judge